CARLOS S. QUIRÓS, SECRETARIO DEL TRABAJO Y RECURSOS HUMANOS DE PUERTO RICO, en representación y para beneficio de HILARIO GONZÁLEZ, querellante y peticionario, *v.* GÓMEZ HERMANOS, INC., querellada y recurrida.

*Número:* O-81-256       *Resuelto:* 21 de junio de 1982

*Jesús A. Caro Lugo* y *Enrique Verges Borrero*, abogados del peticionario; *Otero Suro & Otero Suro*, abogados de la recurrida.

EN RECONSIDERACIÓN

PER CURIAM: La Sala de San Juan del Tribunal de Distrito dictó sentencia (registrada el 25 agosto, 1980) por la que condenó a la corporación querellada-recurrida a indemnizar a un empleado en la cantidad de $750.00 por no haberse justificado su despido.[1] La demandada apeló la sentencia al Tribunal Superior el 30° día de su archivo en autos, hecho en que basó el Secretario querellante su moción para desestimar la apelación por falta de jurisdicción, sobre el fundamento de haberse radicado fuera del término de 10 días señalado en el estatuto especial (32 L.P.R.A. sec. 3127). Aunque por razones distintas, no relacionadas con su jurisdicción, sumergidas en este *issue* principal, el Tribunal Superior desestimó la apelación y al recurrir el querellante este Tribunal mediante opinión[2] de 14 octubre, 1981[*] revocó la resolución recurrida, y ordenó la desestimación de la apelación por tardía. Un ulterior y

[1] La acción fue encauzada al amparo de la Sec. 1, Ley Núm. 2 de 17 octubre, 1961 (32 L.P.R.A. sec. 3118), instrumento especial para reclamaciones de salarios y beneficios por el obrero de su patrono.

[2] La sentencia quedó suspendida en sus efectos (resolución 31 marzo, 1982) al revelarse error en la notificación de la orden previa para mostrar causa y falta de notificación de la solicitud de *certiorari*, lo que excluyó de audiencia a la querellada apelante. Dicha parte presentó el 29 abril, 1982 escrito de oposición al *certiorari*.

[*] NOTA DEL COMPILADOR: Por el resultado a que llega el Tribunal en esta ocasión no hemos publicado dicha opinión.

detenido examen de la cuestión litigiosa nos insta a reconsiderar aquel primer criterio.

La Ley sobre Reclamaciones por Servicios Prestados (Núm. 2 de 17 octubre, 1961 (32 L.P.R.A. sec. 3118 *et seq.*)) en su Sec. 10 ordena:

*Apelaciones del Tribunal de Distrito*

Cuando el caso se originare en el Tribunal de Distrito, cualquiera de las partes que se creyere perjudicada por la sentencia, podrá interponer recurso de apelación para ante el Tribunal Superior.

La apelación quedará formalizada presentando al secretario del Tribunal de Distrito, dentro de los diez (10) días de notificada la sentencia, un escrito en el que se manifieste la *intención de apelar*, y entregando copia de dicho escrito a la parte contraria o a su apoderado o abogado.

La apelación se tramitará conforme al procedimiento ordinario para las apelaciones del Tribunal de Distrito al Tribunal Superior. (Énfasis nuestro.) 32 L.P.R.A. sec. 3127.

Al estatuir la apelación del Tribunal de Distrito al Superior, la Ley de la Judicatura de 1952 dispuso en su Sec. 19 (4 L.P.R.A. sec. 122) que "[e]l procedimiento de apelación se seguirá a tenor con [*sic*] las reglas promulgadas por el Tribunal Supremo". De este modo la Asamblea Legislativa propició la modificación y enmienda de las reglas para atender con prontitud a situaciones cambiantes en el procesamiento de los casos y facilitó la integración de este derecho de apelación en el cuerpo general de reglas sobre dicha materia. En ejercicio de la facultad así conferida, este Tribunal Supremo promulgó las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior, en vigor desde el 1° octubre, 1979 (4 L.P.R.A. Ap. III-A), y en la Regla 4 ordenó:

Se formalizará la apelación radicando un escrito de apelación en la Secretaría del Tribunal de Distrito que dictó la sentencia, y copia en la Secretaría del Tribunal Superior al que se apela, dentro del término y con la notificación a todas las partes conforme lo provisto en las Reglas de Procedi-

miento Civil, o en las Reglas de Procedimiento Criminal, según fuere el caso. Si el escrito de apelación no se radicare y notificare en la forma y dentro de los términos antes dispuestos, la apelación será desestimada por el Tribunal Superior, a iniciativa propia o a solicitud de parte.

Su enlace con las Reglas de Procedimiento Civil tiene el efecto de imponer, bajo advertencia expresa de *desestimación* el término y notificación provistos en las Reglas de Procedimiento Civil, así:

Regla 53.1. *Cuándo y cómo se hará*

(a) La apelación se formalizará presentando un escrito de apelación en la secretaría de la sección del tribunal que entendió en el caso, y copia del mismo en la secretaría del tribunal de apelación, dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia.

Regla 53.2. *Escrito de apelación*

. . . El apelante notificará la presentación del escrito de apelación a todas las partes o a sus abogados de récord dentro del término para apelar . . . .

Esta apelación tiene hoy unos requisitos de cumplimiento estricto para lo cual resulta manifiestamente insuficiente y opresivo el término tradicional de diez días. Ya el escrito de apelación exigido por las reglas no es el breve y lacónico anuncio de la "intención de apelar" de la Ley Núm. 2 de 17 octubre, 1961 *ante*. Ahora se requiere del apelante que incorpore en el propio escrito hasta el alegato —ya que no se le permitirá otro (Regla 6, Ap. VIII-A)— todo según ordena la Regla 5 de Apelación (1979) de la que citamos:

(a) *En casos civiles*

El escrito de apelación en casos civiles contendrá lo siguiente:
(1) Una referencia a la sentencia de la cual se apela, incluyendo el nombre de las mismas partes que aparecen ante el Tribunal de Distrito, añadiendo en los lugares apropiados la designación de "apelante" y "apelado", y número del caso,

el tribunal que dictó la sentencia, la fecha en que se dictó la misma, la fecha en que se archivó en autos copia de la notificación de la sentencia y la fecha de presentación de cualquier moción que pudiese interrumpir el plazo apelativo, si la hubiere, como también la fecha en que la misma fue resuelta y la sala del Tribunal Superior para ante la cual se apela.

(2) Una relación fiel y concisa de los hechos pertinentes del caso.

(3) Un señalamiento de los errores que a juicio del apelante cometió el Tribunal de Distrito.

(4) Una discusión de los errores planteados, incluyendo la cita y análisis de las autoridades legales pertinentes.

Si el apelante no cumpliere estrictamente con los requisitos antes mencionados, el Tribunal Superior desestimará la apelación, a solicitud de parte o a iniciativa propia.

Nos confrontamos con la vigencia aparente de dos términos de apelación disímiles para reclamaciones de salarios, si es que hemos de atribuir valor concreto y pleno de apelación a la revelación de *intención* de apelar de que habla la Sec. 10 de la ley especial, *supra.* Mas la propia ley excluye esa conclusión pues sujeta la efectividad de dicho corto plazo para anunciar la intención de apelar —lenguaje que presupone la existencia de un término adicional para efectivamente apelar— a su conformidad con el procedimiento ordinario para las apelaciones del Tribunal de Distrito al Superior. Si es que se va a lograr la referida armonía, si la apelación en estas reclamaciones especiales debe ajustarse al procedimiento ordinario, la coordinación ha de empezar por el término, elemento crítico dentro del cual han de cumplirse todos los requisitos sin que se extinga la jurisdicción del tribunal apelativo para conocer del recurso. Y ya hemos visto que resultaría irracional el término de diez días para anunciar y también *perfeccionar* la apelación con la totalidad de requisitos enumerados en la citada Regla 5 de Apelación.[3] La adhesión del estatuto

---

[3] El término de 30 días no lesiona el carácter sumario y trámite acelerado de la acción en reclamación de salarios, que se beneficia con una apelación abreviada

especial en su citada Sec. 10 a una apelación gobernada por el procedimiento ordinario, tiene el mismo efecto y sigue el mismo patrón de remisión al Tribunal Supremo en la Ley de la Judicatura de 1952 de la reglamentación de estas apelaciones, como se ha hecho. No debe atribuirse a la Asamblea Legislativa —al aprobar la Ley Núm. 2 de 17 octubre, 1961 con término de 10 días para manifestar "intención" de apelar— propósito de aislar esta acción de salarios de la norma fundamental legislada de dejar la aprobación y supervisión de estas reglas al Tribunal Supremo. Por propia disposición del estatuto especial que supeditó su regulación de la apelación a las reglas, y por resultar inoperante el referido término de diez días, —aun extendiendo finalidad al anuncio de intención— la apelación en reclamaciones de salarios bajo la ley especial de referencia, tiene el término regular de la Regla 4 ad hoc (1979) que es el de treinta (30) días provisto en la Regla 53.1 de Procedimiento Civil. A igual resultado de prevalencia homogénea de las reglas llegamos en *Rodríguez Negrón* v. *Morales García,* 105 D.P. R. 877 (1977), en relación con la apelación en desahucio, a pesar de que su estatuto especial de apelación (Art. 630 Enj. Civil, 32 L.P.R.A. sec. 2831) carece del explícito mandato de conformarla con el procedimiento ordinario que hemos destacado, sirviendo el deseable fin de dotar términos y reglas de uniformidad y adaptarlas a los significativos cambios operados en el enjuiciamiento contemporáneo.

*Se expedirá el auto y se dictará sentencia de conformidad.*

El Juez Asociado Señor Rebollo López no participó en la decisión.

---

por el requisito de incorporar el alegato al escrito de apelación, así como con los demás recursos que las Reglas de Proc. Civil proveen para aligerar el enjuiciamiento.