# 95 DTA 181

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN**

DRA. MARIA T. JIMENEZ
Demandante-Apelada

v.

SOCIEDAD LEGAL WOODS & WOODS; GEOFFREY M. WOODS;
FERNANDO L. GALLARDO Y GERARDO MARIANI
Demandados-Apelantes

Núm. KLAN-95--00321

San Juan, Puerto Rico, a 20 de junio de 1995

Panel integrado por su presidente, Juez señor Rossy García
y los Jueces señor Aponte Jiménez y señor Negroni Cintrón

Negroni Cintrón, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Nos corresponde considerar el recurso de apelación interpuesto por la Sociedad Legal

Woods & Woods, Fernando L. Gallardo, Geoffrey M. Woods y Gerardo Mariani, en adelante *"los Abogados"*, el 30 de diciembre de 1994 a las 5:31 P.M. en la Sala de Investigaciones del Centro Judicial de San Juan, mediante el cual interesan que revoquemos la sentencia que dictó el Tribunal de Distrito, Sala de San Juan el 28 de junio de 1994, copia de cuya notificación fue archivada en autos el 1 de septiembre de 1994.█ Mediante esta sentencia el Tribunal de Distrito condenó a los abogados a satisfacerle a la apelada la suma de $6,245.00, intereses y costas, pues concluyó que éstos habían contratado a la apelante como perito médico en un pleito civil tramitándose en el Tribunal de los Estados Unidos para el Distrito de Puerto Rico.

El 16 de marzo de 1995 y pendiente el recurso ante el Tribunal Superior, Sala de San Juan, la apelada presentó ante ese foro un escrito titulado Moción Sobre Desestimación en la que sostenía que el foro apelativo carecía de jurisdicción para atender el recurso. El Tribunal Superior no la resolvió.

El 4 de abril de 1995 los autos originales del caso de marras fueron recibidos en la Secretaría del Tribunal de Circuito de Apelaciones, en cumplimiento de la Ley de la Judicatura de Puerto Rico de 1994, la cual fue aprobada el 28 de julio de 1994█

Con estos antecedentes, nos corresponde actuar sobre el recurso y la moción de desestimación que dejara pendientes de resolución el Tribunal Superior.

# I

En síntesis, la apelada sostiene que procede la desestimación del recurso por falta de jurisdicción por dos razones. En primer término propone que la moción de los abogados solicitando determinaciones de hechos adicionales fue presentada once (11) días luego de dictada la sentencia recurrida, vencido ya el término jurisdiccional de 10 días que para ello dispone la Regla 43.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap.III. Concluye que como el término para presentar el recurso de apelación comenzó a decursar el 1 de septiembre de 1994, la presentación de la moción de referencia no interrumpió el término original de 30 días para instarlo, por lo que su presentación el 30 de diciembre de 1995 fue realizada tardíamente, cuando el Tribunal Superior ya no tenía jurisdicción para considerarla.

En segundo término expone que la notificación a la apelante del escrito de apelación fue realizada vencido el término de treinta (30) días que establece para ello la Regla 53.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, ya que la carta fue depositada en el correo o Servicio Postal el 4 de enero de 1995, según el matasellos de dicha agencia. Concluye igualmente que tal omisión privó al Tribunal Superior de autoridad para atender el recurso incoado.

# II

De rigor es destacar que la falta de jurisdicción no puede ser subsanada, ni el Tribunal puede arrogarse la jurisdicción que no tiene. Los tribunales tienen el ineludible deber de examinar su propia jurisdicción. *Vázquez v. A.R.P.E.*, ___ D.P.R. ___ (1991), **91 J.T.S. 53**, pág. 8661, opinión del 13 de junio de 1991; *Gobernador de Puerto Rico v. Alcalde de Juncos*, 121 D.P.R. 522, 530 (1988). No existe discreción para asumir jurisdicción donde no la hay. *Martínez v. Junta de Planificación*, 109 D.P.R. 839, 842 (1980); *Maldonado v. Pichardo*, 104 D.P.R. 778, 782 (1976). Es por eso que debemos recurrir a las disposiciones que reglamentan el recurso de apelación y su tramitación para adjudicar los méritos de la desestimación solicitada por la apelante.

Adelantamos que, examinados los autos a la luz de los señalamientos antes indicados, a la apelada le asiste la razón y debemos concluir que este Tribunal carece de jurisdicción para considerar el recurso incoado, aunque no por todos los fundamentos aducidos por la apelante.

Veamos.

El 12 de junio de 1994 el Tribunal de Distrito, Sala de San Juan, dictó la sentencia recurrida, copia de cuya notificación fue archivada en autos el 1 de septiembre de 1994. La parte demandada presentó su moción solicitando determinaciones de hechos adicionales el 12 de septiembre de 1994.

Ese trámite está regulado por la Regla 43.3 de las de Procedimiento Civil, *supra*, que establece el término de diez (10) días, a partir del archivo en autos de copia de la notificación de la sentencia, para que una parte pueda solicitar enmiendas, determinaciones de hechos y conclusiones de derechos iniciales o adicionales a la sentencia notificada. En este caso los abogados tenían hasta el 11 de septiembre de 1994 para presentar su moción, pero al ser este día domingo, el lunes 12 de septiembre de 1994 se tornó en el último día hábil para solicitar tales determinaciones ya que éste era el próximo día laborable. Debido a ello, la apelante no tiene razón cuando alega que la moción de referencia fue presentada fuera del término de 10 días dispuesto por la Regla 43.3, *supra*.

En efecto, la presentación de la anterior moción interrumpió el término para apelar hasta que el Tribunal de Instancia notificó el 30 de noviembre de 1994 su resolución denegando las determinaciones interesadas por los abogados apelantes. Regla 43.5 de las de Procedimiento Civil. 32 L.P.R.A. Ap. III. Para ser más precisos, el término de 30 días para apelar comenzó a decursar nuevamente el jueves 1 de diciembre de 1994 y, obviamente, vencía el 30 de diciembre de 1994, fecha en la que los abogados apelantes presentaron su escrito en la secretaría de la Sala de Investigaciones del Centro Judicial de San Juan.

De lo expuesto, es evidente que el recurso de apelación fue presentado dentro del término jurisdiccional, por lo que el mismo no puede ser desestimado por ausencia de jurisdicción.

Ello no obstante, la apelante sí tiene razón cuando nos señala que este Tribunal no tiene jurisdicción para considerar el recurso debido a que los abogados apelantes no le notificaron su escrito dentro del término reglamentario para ello.

La Regla 4 de las de Apelación del Tribunal de Distrito al Tribunal Superior, *supra*, la cual estaba vigente al momento de presentarse el presente recurso, disponía lo siguiente:

*"Se formalizará la apelación radicando[sic] un escrito de apelación en la Secretaría del Tribunal de Distrito que dictó la sentencia, y copia en la Secretaría del Tribunal Superior al que se apela, dentro del término y con la notificación a todas las partes conforme lo provisto en las Reglas de Procedimiento Civil, Apéndice III del Título 32, o en las Reglas de Procedimiento Criminal, Apéndice II del Título 34, según fuere el caso. **Si el escrito de apelación no se radicare y notificare en la forma y dentro de los términos antes dispuestos la apelación será desestimada por el Tribunal Superior, a iniciativa propia o a solicitud de parte.**"*

La Regla 53.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, a la que nos refiere la regla citada dispone en lo pertinente lo siguiente:

*"El apelante notificará la presentación del escrito de apelación a todas las partes o a sus abogados de récord **dentro del término para apelar** en la forma prescrita en la Regla 67. Cuando la notificación se hiciere por correo, deberá hacerse por correo certificado con acuse de recibo."* (Enfasis nuestro).

En resumen son dos los requisitos esenciales de naturaleza jurisdiccional en el perfeccionamiento del recurso de apelación. Uno es el formalizar el recurso **presentando el**

**escrito en la secretaría del tribunal correspondiente dentro del término de 30 días** siguientes al archivo en autos de una copia de la notificación de la sentencia. El otro es el de notificar a la otra parte el escrito de apelación **dentro de dicho término.** *Insular Feed Corp. v. Díaz,* 90 D.P.R. 145,149 (1970).(Enfasis nuestro).

La forma y manera de hacer la notificación, ya sea personalmente, por correo regular o certificado, no goza de naturaleza jurisdiccional. Esto constituye la comprobación del requisito esencial jurisdiccional de que se notificó el recurso dentro del término prescrito por la Reglas. *Insular Feed Corp. v. Díaz, supra.* El requisito de notificación mediante correo certificado a que se refiere la Regla 53.3 de Procedimiento Civil, *supra,* no es lo determinante de nuestra jurisdicción, [lo] determinante es que la notificación se haga *"dentro del término"* para solicitar la revisión. *Campos del Toro v. American Transit Corp.,* 113 D.P.R. 337, 347 (1982).

· Aplicada la normativa citada a los hechos ante nos resulta evidente de los autos que los abogados apelantes le notificaron a la apelada la copia de su recurso por correo certificado, con posterioridad al 30 de diciembre de 1994, fecha en que expiró el término jurisdiccional para recurrir en alzada ante el Tribunal Superior. Ello es un requisito jurisdiccional, *Ramos v. Condominio Diplomat,* 117 D. P.R. 641 (1986); Cf. *Cruz v. Flamingo Homes,* 102 D.P.R. 490, 491 (1974). En armonía con el estado de derecho vigente al momento de presentarse el presente recurso, es inescapable la conclusión de que la Visión de los abogados apelantes es una que nos priva de ejercer nuestra jurisdicción apelativa y conlleva la desestimación del recurso de apelación. *Marta González Santos v. Bourns Puerto Rico, Inc.,* ___ D.P.R. ___ (1989), **89 J.T.S. 107,** pág.7277.

### III

No obstante lo anterior y aun cuando la apelada no lo señaló como fundamento para su solicitud de desestimación, al examinar los autos notamos que (1) el recurso que consideramos no fue presentado en la secretaría del tribunal apelado como exigía la anterior Regla 4 de las de Apelación del Tribunal de Distrito al Tribunal Superior, *supra,* y (2) que fue presentado a las 5:31 de la tarde, después que la secretaría de la Sala del Tribunal de Distrito apelado había finalizado su horario oficial de trabajo, según dispone la Regla 3 de las de Administración del Tribunal General de Justicia del Estado Libre Asociado de Puerto Rico, 32 L.P.R.A. Ap. II-A.

Debido a que la Ley de la Judicatura de Puerto Rico de 1994 eliminó la jurisdicción apelativa del Tribunal Superior para revisar los dictámenes del Tribunal de Distrito y se la confirió al Tribunal de Circuito de Apelaciones de conformidad con lo preceptuado en el Artículo 9.004 de la referida Ley, al evaluar los méritos de la moción de desestimación que formuló la apelada, las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior, *supra,* son pertinentes en la evaluación del trámite procesal seguido aunque dicho cuerpo de reglas quedara sin efecto, toda vez que los casos pendientes ante la jurisdicción apelativa del Tribunal Superior, como el presente, nos fueron referidos por el Tribunal Superior de conformidad con el mandato legislativo consignado en el Artículo 9.004 de la Ley de la Judicatura de Puerto Rico de 1994.

Aunque la presentación del recurso de apelación fuera de las horas oficiales de trabajo y en una secretaría que no fuese la apropiada no constituía fundamento legal para desestimar un recurso por falta de jurisdicción, las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior, *supra,* sin embargo, sí autorizaban la desestimación del recurso si se incumplían sus requisitos. Regla 4, *supra;* Reglas 53.1 y 53.2 de las de Procedimiento Civil, *supra; Marta González Santos v. Bourns Puerto Rico, Inc., supra; Quirós v. Gómez Hnos.* 113 D.P.R. 204,207 (1982).

En el pleito que nos ocupa resulta evidente que los abogados apelantes incumplieron con las directrices claras y precisas de la Regla 4 de las de Apelación del Tribunal de Distrito al Tribunal Superior, *supra*, no obstante advertirle la propia regla que la desestimación del recurso sería la consecuencia del incumplimiento.

La desestimación es adecuada sanción para la violación de una reglamentación que persigue el ordenado trámite allí contemplado para alcanzar la pronta, justa y económica solución de las controversias que se traían ante el Tribunal Superior. Desviarse de tal derrotero produciría un serio disloque en la administración de la justicia.

El que la naturaleza unificada de nuestro sistema judicial rechaza la tesis de que la presentación de un recurso o acción en la secretaría equivocada privara al tribunal o sala de su jurisdicción, no podía aprovecharse para fomentar que las reglas de competencia apelativa incluidas en las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior, *supra*, se incumplieran siguiendo el arbitrio, conveniencia o criterios personales y particulares de los litigantes, de sus abogados o de ambos, en sustitución de la autoridad legal. El lo era inaceptable y ameritaba que el recurso incoado también fuese desestimado por este motivo.

*"Nos parece atinado hacernos eco de lo manifestado por el Tribunal Supremo de Puerto Rico en Matos v. Metropolitan, 104 D.P.R. 122 (1975). A la página 125 el Tribunal indicó lo siguiente: Los abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados antes nos. Nos proponemos exigir celosamente que así se haga."*

## IV

Por los fundamentos anteriormente expuestos, se desestima el recurso de apelación incoado.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 181

**1.** Tratándose de una sentencia dictada por el Tribunal de Distrito en un caso de naturaleza civil cuyo término de apelación comenzó a decursar con anterioridad al 24 de enero de 1995, fecha de la vigencia de la Ley de la Judicatura de Puerto Rico de 1994, la jurisdicción apelativa para considerar el recurso a esa fecha la tenía el Tribunal Superior. Regla 53.1(a) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III; Regla 4 de las de Apelación del Tribunal de Distrito al Tribunal Superior, 32 L.P.R.A. Ap. III-A.

**2.** El 12 de septiembre de 1994, los abogados presentaron ante el tribunal apelado una moción solicitando determinaciones de hechos adicionales a tenor de lo dispuesto en la Regla 43.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. Posteriormente, el 17 de noviembre de 1994, ese foro denegó la solicitud mediante resolución, copia de cuya notificación fue archivada en autos el 30 de noviembre de 1994.

**3.** Específicamente el Artículo 9.004 (b) dispone lo siguiente:

*"Todo recurso pendiente ante la consideración del Tribunal Superior, dentro de su jurisdicción apelativa, originado en el Tribunal de Distrito o en el Tribunal Municipal deberá resolverse dentro del término de seis (6) meses a partir de la aprobación de esta Ley; disponiéndose que una vez transcurrido dicho término los asuntos pendientes se referirán para su trámite y resolución al Tribunal de Circuito de Apelaciones."* (Enfasis nuestro).