Aponte Jiménez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Mediante el presente recurso la demandante-peticionaria nos solicita que revisemos el dictamen vertido por el foro de instancia que dejó sin efecto la sentencia dictada previamente a favor de la demandante-peticionaria y declaró sin lugar su solicitud para que el tribunal dictase sentencia sumaria a favor suyo.
El recurso de certiorari que utiliza la demandante-peticionaria para solicitar ante este Foro la revisión de la resolución de instancia, es el vehículo correspondiente para revisar resoluciones, órdenes o providencias judiciales de naturaleza interlocutoria, como la recurrida, dictadas por el Tribunal de Primera Instancia.
Artículo 4.002 de la nueva Ley de la Judicatura. 
La petición de certiorari y el apéndice que se acompaña revela que el tribunal a quo dictó resolución con fecha de 27 de junio de 1995. Dejó sin efecto la sentencia previamente dictada que declaró con lugar la demanda presentada por la demandante-peticionaria y dispuso la continuación de los procedimientos. Se archivó en autos copia de la notificación de dicha resolución el 28 de junio de 1995.
La demandante-peticionaria solicitó reconsideración a tiempo. La misma fue declarada sin lugar de plano el 6 de julio de 1995. Se archivó en autos copia de su notificación el 14 de julio de 1995. No es hasta el 11 de agosto de 1995 que acude ante nosotros mediante el presente recurso.
El Reglamento del Tribunal de Circuito de Apelaciones, aprobado por el Tribunal Supremo de Puerto Rico el 13 de enero de 1995, entró en vigor, conjuntamente con la Ley de la Judicatura, el 24 de enero de 1995 el término dispuesto para presentar un recurso de certiorari, igual que su forma, están regulados por las Reglas 182 y 193 del Reglamento de este Foro. Específicamente la 18(B)(2)(b), supra, dispone que el recurso de certiorari para revisar cualquier resolución, orden o providencia judicial de naturaleza interlocutoria dictada por el Tribunal de Primera Instancia "deberá presentarse dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden." Dicho término, por disposición expresa de la Regla, es de cumplimiento estricto "excepto cuando mediaren circunstancias especiales debidamente sustentadas en la petición de certiorari." Ibid.
*1022 Desde la perspectiva de la letra y el sentido literal de la Regla 18(B)(2)(b) de nuestro Reglamento, el lenguaje que se utiliza, es diáfano. Conforme su texto, el término, prescrito de treinta (30) días para la presentación, de un recurso de certiorari, contados. a partir de la notificación de la resolución u orden recurrida, hay que observarlo. La Regla exige su cumplimiento con carácter riguroso. Solamente ante la presencia de circunstancias especiales que justifiquen la tardanza en presentar el recurso es que se releva al peticionario, por excepción, de cumplir con la presentación del recurso dentro del término de treinta (30) días.
Ahora bien, al sondear la jurisprudencia que nos ilustra sobre lo que cobija y abarca la frase cumplimiento estricto, la misma refleja que a dicha frase se le atribuye una idea accesoria a la principal y significado que aparentemente no se tomó en consideración al redactarse la Regla. La frase cumplimiento estricto utilizada conforme lo que ella encierra, implica y reconoce, connota que el término dispuesto para presentar el recurso no es de carácter jurisdiccional. Asimismo, que justificada la tardanza a satisfacción del foro apelativo, se permite su presentación aunque, el término para revisar el dictamen de que .se trate haya expirado. Cf., Pueblo v. Fragoso, 109 D.P.R. 536 (1980); Quirós v. Gómez Hnos., 113 D.P.R. 204 (1982). Desde esa perspectiva el lenguaje utilizado por la Regla no resulta ser el más apropiado. Si la frase cumplimiento estricto significa, e.g., que presentado un recurso de certiorari luego de concluido el término reglamentario para ello, no necesariamente conlleva su desestimación por falta de jurisdicción y que su consideración por el tribunal apelativo depende de que se justifique a satisfacción del tribunal la tardanza, entonces la palabra "excepto”, que significa excluir de la regla general, está de más en la Regla. Si se omite dicha palabra del texto de la Regla, se le imprime a esa parte un sentido que guarda mayor armonía con el significado que encierra y conlleva la frase cumplimiento estricto. De esa forma y manera, para sustituirla podría contemplarse un lenguaje que exprese, sobre ese extremo, que el término para revisar por certiorari un dictamen emitido por el Tribunal de Primera Instancia es uno de cumplimiento estricto debiendo surgir y acreditarse en el recurso de certiorari, la justificación para la dilación. Dicho de esa forma, a nuestro juicio, el lenguaje y el sentido se avienen con arreglo al significado de la expresión acuñada por la jurisprudencia.
El historial legislativo no nos ilustra sobre los particulares reseñados. Empero, nos hemos percatado que la misma situación'se repite en cuanto a otras disposiciones de la Ley de la Judicatura y el Reglamento del Supremo. Véase, el Artículo 3.002(i) de la Ley de la Judicatura y la Regla 20 del Reglamento del Tribunal Supremo de Puerto Rico. Ambos contienen el mismo lenguaje que la Regla 18(B)(2)(b), supra.
Sobre lo mismo, pero de otro lado, la aludida Regla 18(B)(2)(b) adicionalmente requiere que las circunstancias que apoyen la justa causa para la dilación en presentar el recurso sean sustentadas en la petición de certiorari. A nuestro juicio, al incluir la regla una dosis de deber y obligación de sustentar en el mismo recurso de certiorari las circunstancias especiales que demuestren la justa causa para la tardanza en ser presentado, se quiere decir eso mismo. Su redacción sobre ese extremo es límpida. A no ser que se sustente debidamente en la misma petición de certiorari la justa causa para la dilación, ello conlleva la no consideración del recurso. Puesto en esos términos, opera como un requisito jurisdiccional. La Regla encasilla el término de treinta (30) días para presentar el recurso de certiorari como uno de cumplimiento estricto. Pero, además, rotundamente requiere que la justificación para la tardanza se sustente en la petición de certiorari.
Siguiendo la pauta establecida por el Tribunal Supremo de Puerto Rico en materia que envuelve términos que son de cumplimiento estricto resulta de rigor reproducir lo apuntado por dicho Foro a los efectos de que no permitirán presentaciones tardías cuando de términos de cumplimiento estricto se trata, a menos que la demora, se justifique detalladamente ya.: cabalidad. González Santos v. Bourns Puerto Rico, Inc., 89 JTS 107.
*1023 Surgiendo claramente del texto de la Regía 18(B)(2)(b) nuestra que la justificación para la tardanza hay que alegarla y sostenerla en la petición de certiorari, su omisión conlleva la desestimación de todo recurso de certiorari que se presente una vez de transcurrido el término de treinta (30) días después de la notificación de la resolución recurrida. De conformidad con el lenguaje de la Regla no podemos albergar un criterio distinto ni llegar a otra conclusión.
Atendiendo ahora el recurso que nos ocupa, el mismo fue presentado por la demandante-peticionaria, ante este Foro el 11 de agosto de 1995, i.e. cuarenta y cuatro (44) días después de archivarse en autos copia de la notificación de la resolución recurrida. La solicitud de reconsideración ante el foro de instancia, aun cuando pudo interrumpir el término para revisar la resolución emitida, no tuvo ese efecto. Habiéndose rechazado de plano, el término para revisar ante este Foro el dictamen emitido, no se interrumpió. No estando sustentada en la petición de certiorari la justa causa para la tardanza, estamos privados de considerarlo.
A la luz del trasfondo fáctico y doctrinal que antecede, se desestima el recurso instado por haberse presentado el mismo luego de expirado el término de treinta (30) días que se concede para ello sin que se haya justificado la tardanza en la misma petición de certiorari o en documento aparte presentado con ésta.
Lo acuerda el tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 264
1. "Artículo 4.002: Competencia del Tribunal de Circuito de Apelaciones; revisión de las decisiones del Tribunal de Primera Instancia.

El Tribunal de Circuito de Apelaciones conocerá en los siguientes asuntos:

(a)...

(b)...

(c)Mediante auto de Certiorari, expedido a su discreción, de cualquier otra resolución, u orden o providencia judicial de naturaleza interlocutoria dictada por el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición para evitar el fracaso de la justicia o que pueda privarse al recurrente de la revisión justa e imparcial a la que tiene derecho por ley. En estos casos, el recurso de Certiorari se formalizará presentando una solicitud en la secretaría de la sede del tribunal revisado dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden. La secretaría del tribunal revisado remitirá copia de dicha solicitud a la Secretaría de la sala del Tribunal de Circuito de Apelaciones. Dicho recurso se podrá radicar en la secretaría del Tribunal de Circuito de Apelaciones, en cuyo caso remitirá la Secretaría de ese tribunal copia del recurso a la secretaría de la sede del tribunal revisado. El término aquí dispuesto es de cumplimiento estricto excepto cuando mediaren circunstancias especiales debidamente sustentadas en la petición de Certiorari." (Enfasis suplido.)

2. "Regla 18. Presentación del recurso de certiorari

(b) El recurso de certiorari de cualquier resolución, orden o providencia judicial de naturaleza interlocutoria dictada por el Tribunal de Primera Instancia para la cual no hubiere procedimiento específico en este Reglamento o en la Ley de la Judicatura, deberá presentarse dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden. Este término es de cumplimiento estricto, excepto cuando *1024 me liaren circunstancias especiales debidamente sustentadas en la petición de certiorari." (Enfasis suplido.)

3. "Regla 19. Forma del recurso de certiorari

(A) El epígrafe de la petición de certiorari contendrá el nombre de las partes en el orden que aparecían en el Tribunal de Primera Instancia y se les identificará como peticionario y recurrido.

(B) Toda petición de certiorari, tendrá numeradas, en.eLor.den aquí dispuesto, las partes siguientes:

(1) las citas' de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal;

(2) una referencia a la decisión cuya revisión se solicita, que incluirá el nombre y el número del caso, la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que fue dictada y la fecha en que fue notificada;

(3) el Circuito Regional ante el cual se presenta la petición;,

(4) una breve relación de los hechos procesales y materiales del caso;

(5) un señalamiento breve y conciso de las controversias de derecho y de las disposiciones de la ley y de la jurisprudencia aplicables;

(6) el argumento de las controversias planteadas;

(7) la súplica.

(C) La cubierta de la petición tendrá solamente el epígrafe, el nombre, la dirección, el teléfono y el número de colegiado del abogado del peticionario y del abogado de la parte recurrida o de las partes si éstas no estuvieren representadas por abogado. Inmediatamente después habrá un índice detallado de la petición conforme a lo dispuesto en la Regla 34.

(D)La petición del recurso de certiorari no podrá tener mas de veinte (20) páginas, exclusive de la certificación de notificación, del indice y del apéndice.

(8) La petición incluirá un apéndice que contendrá una copia literal de:

(1) las alegaciones de las partes;

(2) la decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluso las conclusiones de hecho y de derecho en que esté fundada, si las hubiere;

(3) cualquier otra resolución, orden o escrito de cualesquiera de las partes que forme parte del legajo en el Tribunal de Primera Instancia y en que esté discutido cualquier asunto planteado en la petición de certiorari; y

(4) cualquier otro documento que forme parte del récord en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Circuito de Apelaciones para tomar su decisión sobre la expedición del auto.

(F)No se permitirá la presentación de un memorando de autoridades separado. Deberá incluirse el argumento y los fundamentos de derecho en el cuerpo de la petición de certiorari.

(G) El peticionario notificará la petición de certiorari a todas las demás partes conforme dispone la Regla 40 y certificará el hecho de la notificación en el propio escrito al presentarla al Tribunal.

(H) Dentro de los diez (10) días de dicha notificación, las demás partes podrán presentar memorandos en oposición a la expedición del auto de certiorari. Tales memorandos no podrán tener más de quince (15) 
*1025
páginas, exclusive de las páginas de la certificación de notificación, del índice y del apéndice."

4. "Regla 47. Reconsideración

La parte adversamente afectada por una resolución, orden o sentencia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución y orden o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o solicitar revisión se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o solicitar revisión empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano".