| | | |
|---|---|---|
| **ESTADO LIBRE ASOCIADO DE PUERTO RICO**<br>**TRIBUNAL DE APELACIONES**<br>**PANEL XI** | | |
| ALEXIS CANDELARIA MONSERRATE<br><br>RECURRENTE<br><br>V.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>RECURRIDO | KLRA202400042 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Libertad Bajo Palabra<br><br><br><br>Sobre:<br><br>Reconsideración |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 21 de febrero de 2024.

Comparece, Alexis Candelaria Monserrate (en lo sucesivo, "el recurrente"), mediante el recurso de epígrafe. Ello, a los fines de solicitar nuestra intervención para que dejemos sin efecto la resolución emitida el 3 de noviembre de 2023, y notificada el 30 de noviembre de 2023, por la Junta de Libertad Bajo Palabra, (en adelante, "Junta"). Mediante la referida resolución, la Junta no concedió al recurrente el privilegio de libertad bajo palabra.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de revisión judicial.

### I.

Surge del expediente, que el recurrente se encuentra convicto en la Institución Correccional de Bayamón 1072. En su recurso expuso, que desde el 18 de mayo de 2020 la Junta comenzó a realizar trámites a los fines de evaluar si se le concedía el privilegio de la libertad bajo palabra. Así las cosas, sostuvo que luego de que la Oficial Examinadora redactara un informe favorable a la concesión del referido privilegio, el 2 de noviembre de 2023, emitió un informe enmendado. Alegó, que, en este segundo informe, la Oficial Examinadora recomendó que no se le

concediera la libertad bajo palabra. Así pues, el 30 de noviembre de 2023, la Junta emitió la resolución que nos ocupa. Mediante esta, acogió las recomendaciones del informe enmendado de la Oficial Examinadora. En consecuencia, denegó al recurrente la concesión de la libertad bajo palabra.

Inconforme, el 26 de enero de 2024, el recurrente presentó un escrito de revisión judicial. Mediante este formuló el siguiente señalamiento de error:

> En el presente caso el Sr. Candelaria Monserrate, le suplica al Tribunal la reconsideración de la resolución que denegó la Junta [de] Libertad Bajo Palabra porque la determinación no se basa en la evidencia contenida en el expediente y es ajena a las normas que rigen el proceso. Un examen desapasionado y objetivo del expediente nos lleva a concluir que la Junta erró en la evaluación de la prueba ante sí. A base de la totalidad del expediente, así como de las condiciones de libertad bajo palabra recomendadas en el primer informe de la Oficial Examinadora, procedía la otorgación del privilegio.

**II.**

### A. Jurisdicción

La jurisdicción es el poder o la autoridad de un tribunal para considerar o decidir casos o controversias. Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank,* 2020 TSPR 52; *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 249 (2012); *SLG Solá-Morena v. Bengoa Becerra*, 182 DPR 675, 682 (2011). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

Una de las circunstancias que priva a este Tribunal de jurisdicción para atender en los méritos un recurso es el incumplimiento con las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, el contenido, la presentación y la notificación de los recursos, incluyendo lo dispuesto en nuestro Reglamento. Véase,

*Hernández Jiménez et al. v. AEE et. al.*, 194 DPR 378, 382-383 (2015). Es decir, el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo. *Morán v. Martí,* 165 DPR 356, 366 (2005); también, *Srio del Trabajo v. Gómez Hnos. Inc.,* 113 DPR 204, 207-208 (1982). Además, el hecho de que una parte comparezca por derecho propio no justifica el incumplimiento con las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003).

De conformidad con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este foro para que a iniciativa propia pueda desestimar un recurso por carecer de jurisdicción, entre otras razones. 4LPRA Ap. XXII-B, R. 83 (c).

### B. Recurso de revisión judicial

El Tribunal de Apelaciones es un tribunal intermedio cuyo propósito es proveer a los ciudadanos de un foro apelativo para revisar, entre otras, decisiones finales de los organismos y agencias administrativas traídas ante nuestra consideración mediante un recurso de revisión judicial. Art. 4.001-4.002, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, 2003, Ley 201-2003, según enmendada. La revisión de las decisiones finales de los organismos y agencias administrativas ante este Tribunal de Apelaciones se tramita de conformidad con la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG) Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 et. seq., y con nuestro Reglamento.

En lo aquí pertinente, la sección 4.2 de la LPAUG establece lo siguiente:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia** o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para

solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. (Énfasis nuestro). 3 LPRA sec. 9672.

Según surge del precitado estatuto, la parte que interese presentar un recurso de revisión judicial ante este Tribunal deberá instarlo en un término de treinta (30) días contados a partir de la fecha en que se le notificó la orden o resolución final. Según la Regla 57 del Reglamento del Tribunal de Apelaciones dicho término es uno de carácter jurisdiccional. 4 LPRA Ap. XXII-B, R. 57. Los términos jurisdiccionales son improrrogables y como tal no están sujetos a interrupción o cumplimiento tardío. *Rosario Domínguez v. ELA et al.*, 198 DPR 197, 208 (2017); *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012). Ello, quiere decir que una vez transcurre dicho término, el tribunal pierde jurisdicción para atender el asunto ante su consideración. *Íd.*

De otra parte, nuestro ordenamiento jurídico, en aras de la justicia, permite que una persona pueda litigar en forma *pauperis*, es decir por razón de pobreza. Por medio de la solicitud de dicho privilegio, el litigante podrá eximirse de "pagar los aranceles o derechos de presentación requeridos por ley." *Gran Vista I v. Gutiérrez y otros*, 170 DPR 174 (2007). Ahora bien, esta concesión no se da de manera automática. Las personas que pretendan instar un recurso de revisión judicial en forma *pauperis*, deberán cumplir con los requisitos dispuestos en la Regla 78 de este Tribunal. La precitada Regla lee como sigue:

> Cualquier parte en el procedimiento que por primera vez solicite litigar in forma pauperis, presentará ante el Tribunal de Apelaciones una declaración jurada, en la cual expondrá los hechos que demuestren su incapacidad para pagar los derechos y las costas o para prestar garantía por éstos, su convencimiento de que tiene derecho a un remedio y una exposición de los asuntos que se propone plantear en el recurso. Si la solicitud se concede, la parte podrá litigar sin el pago de derecho y costas, o sin la prestación de fianza para ello. El Tribunal de Apelaciones podrá preparar formularios para facilitar la comparecencia efectiva de apelantes o recurrentes in forma pauperis. 4 LPRA Ap. XXII-B, R. 78.

Cabe destacar, que en ausencia de una petición para litigar en forma *pauperis*, un litigante no perfecciona su recurso y procede desestimarlo. Véase, *Gran Vista I v. Gutiérrez y otros*, supra, pág. 194.

**III.**

En el caso ante nuestra consideración, el recurrente instó un recurso de revisión judicial, a los fines de que este Foro revise la determinación notificada el 30 de noviembre de 2023 por la Junta. Sin embargo, su recurso fue presentado en exceso del término de treinta (30) días dispuesto en nuestro ordenamiento jurídico para presentar este tipo de recursos. Según se desprende del expediente, el 26 de enero de 2024, el recurso de revisión judicial fue presentado a este Tribunal. También surge del referido expediente que el recurrente firmó su recurso el 11 de enero de 2024. Empero, del ponche del "*Centro de Detención Regional de Bayamón*" no se desprende la fecha en que el recurso fue entregado por el recurrente a estos.

Así pues, aun tomando en consideración la situación de confinamiento del recurrente, y que su recurso fue entregado al aludido Centro en la misma fecha del 11 de enero de 2024, ello no subsana el incumplimiento con el término jurisdiccional de treinta (30) días. Cabe señalar, que tampoco surge del expediente que el recurrente haya presentado alguna solicitud de reconsideración oportuna, por medio de la cual se haya interrumpido el referido término. Por tanto, bajo ningún supuesto el recurso de epígrafe cumple con los requisitos jurisdiccionales de presentación. Ello, toda vez que, tanto la fecha del 26 de enero de 2024, como la fecha del 11 de enero de 2024, representan presentaciones a destiempo. Tal como fue esbozado, los términos jurisdiccionales son improrrogables y no admiten un cumplimiento tardío. Ante lo anterior, este Tribunal carece de autoridad para entrar en los méritos de la revisión judicial presentada.

De igual modo, señalamos que del referido recurso surge otra deficiencia que nos impide ejercer nuestra facultad revisadora. A la luz de

ello, no se desprende del expediente que el recurrente haya emitido el pago requerido para la presentación del recurso o cumplido con los requisitos atinentes para litigar en forma *pauperis*. Según fue expuesto, la forma *pauperis* no se concede de manera automática, dado que, es un privilegio que debe ser solicitado. Además, para que dicha solicitud sea eficaz, el recurrente debe cumplir con los criterios dispuestos en la Regla 78 de este Tribunal. Así pues, al recurrente no demostrar que cumplió con nuestros requisitos reglamentarios, procede también desestimar su recurso por el presente incumplimiento. Ello, dado que, su recurso no se perfeccionó adecuadamente.

**IV.**

Por los fundamentos expuestos, procedemos a desestimar el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones