Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| COOPERATIVA DE AHORRO Y CRÉDITO LA COMERIEÑA<br><br>Apelado<br><br>V.<br><br>ALFREDO MANGUAL GONZÁLEZ<br><br>Apelante | TA2025AP00273 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: CR2021CV00157<br><br>Sobre: Cobro de dinero, incumplimiento de contrato, cese y desista, daños y perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Adames Soto, la Jueza Mateu Meléndez y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de agosto de 2025.

Comparece por derecho propio el señor Alfredo Mangual González (señor Mangual González o apelante) y solicita que revisemos una *Sentencia* emitida el 30 de junio de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1]

---

[1] Entrada Núm. 246 en el expediente del caso CR2021CV00157 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Notificado el 1 de julio de 2025. El 20 de julio de 2025, el TPI emitió una *Orden*, notificada al día siguiente, en la que declaró No Ha Lugar la solicitud de reconsideración del apelante.

Hacemos notar que, posterior a presentar este recurso, el apelante presentó las siguientes mociones, las cuales fueron debidamente examinadas por este Tribunal:
1. *Moción solicitando permiso para radicar escrito de apelación recurso en exceso de límite de páginas*, presentada el 20 de agosto de 2020.
2. *Moción informativa en cumplimiento haber notificado al Honorable Tribunal de Primera Instancia de San Juan y haber notificado a la parte demandante en su término vía mensaje de email el día 20 agosto 2025*, presentada el 20 de agosto de 2020.
3. *Moción solicitando respetuosamente permiso para someter electrónicamente digital el apéndice ya que el expediente es extenso pasa los 2700 páginas de haber defecto en el apéndice electrónico digital solicito permiso para enmendar y poder cumplir*, presentada el 20 de agosto de 2020.
4. *Moción solicitando respetuosamente permiso para someter radicar la grabación del juicio 12 de mayo de 2025 al audio en CD #2 y solicitar ordenar transcripción ya que no tengo los recursos económicos en estos momentos y no tengo ni sé de persona transcriptor profesional autorizado especializado*, presentada el 20 de agosto de 2020.
5. *Moción solicitando respetuosamente permiso para someter radicar la grabación del juicio 12 de diciembre de 2022 el audio en CD #3 y solicitar ordenar transcripción ya que no tengo los recursos económicos en estos momentos y no tengo ni sé de persona transcriptor profesional autorizado especializado*, presentada el 20 de agosto de 2020.
6. *Moción solicitando respetuosamente permiso para someter radicar la grabación del juicio 4 de diciembre de 2023 SJ_Sala_908CR2021CV00157_ 20231204_134335 el audio en cd # 4 y la grabación del juicio 23 de septiembre de 2024 SJ_Sala_908CR2021CV00157 20240923_084523 el audio en cd # 5 y solicitar ordenar transcripción ya que no tengo los recursos económicos en estos momentos no tengo ni sé de persona transcriptor profesional autorizado especializado*, presentada el 20 de agosto de 2020.
7. *Moción informativa en cumplimiento haber notificado al Honorable Tribunal de Primera Instancia de San Juan y haber notificado a la parte demandante en su término vía mensaje*

Mediante el referido dictamen, el Foro Primario declaró Ha Lugar la *Demanda* presentada por la Cooperativa de Ahorro y Crédito La Comerieña contra el apelante por incumplimiento de contrato y le impuso el pago de reembolsos, penalidades y otras sumas.

Es menester destacar que el apelante no presentó una relación de los hechos, ni formuló señalamientos de errores claros, mucho menos los discutió. Se adelanta la desestimación del recurso por craso incumplimiento con el Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

A tenor con la Regla 7 (B)(5) del Reglamento de este Tribunal, *supra*, R. 7 (B)(5), prescindimos de la comparecencia de las partes con interés en el caso para lograr el más justo y eficiente despacho.

**I.**

**A. Jurisdicción**

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). En ausencia de jurisdicción, un tribunal carece de facultad para adjudicar la controversia. *Allied Mgmt. Group v. Oriental Bank*, *supra*, pág. 386. En consecuencia, todo foro judicial tiene la responsabilidad indelegable de examinar, inicialmente, el aspecto jurisdiccional de toda situación jurídica presentada ante sí. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Pues, ningún ente adjudicativo posee discreción para asumir jurisdicción donde no la existe ni las partes pueden conferirla voluntariamente. *Íd.*

---

*de email el día 20 de agosto de 2025 y solicito investigación mi email quedó bloqueado en enviar desde allí radicando apelación al correo de los abogados,* presentada el 20 de agosto de 2020.

La falta de jurisdicción es insubsanable y acarrea la nulidad del dictamen emitido. *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 386. Así, una sentencia dictada sin jurisdicción es nula en derecho y, por ende, inexistente. *Íd.*

Cuando un tribunal carece de jurisdicción para atender un asunto, corresponde así declararlo y desestimar inmediatamente el recurso, sin examinar los méritos de la controversia. *Torres Alvarado v. Madera Atiles, supra*, pág. 501; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012). Ante ello, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, establece que este Tribunal, a iniciativa propia o a petición de parte, podrá desestimar un recurso por falta de jurisdicción.

### B. Apelación

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. III, R. 52.1, dispone que "[t]odo procedimiento de apelación, *certiorari*, certificación y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la Ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico". Dichas normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

Respecto al contenido del escrito de apelación, la Regla 16 del Reglamento del Tribunal de Apelaciones, *supra*, R. 16, establece que contendrá un índice detallado de la solicitud y de las autoridades citadas, así como un cuerpo que incluya entre otros elementos:

> (1) Todo escrito de apelación contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
>
> > (a) En la comparecencia, el nombre de las partes apelantes.
> >
> > (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.
> >
> > (c) Una referencia a la sentencia cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Sala del Tribunal de Primera Instancia que la dictó y la Región

Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el escrito de apelación. La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluso las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

(2) El escrito de apelación será el alegato de la parte apelante. No se permitirá la presentación de un alegato o memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo del escrito de apelación. […]

Esta norma reglamentaria establece que el escrito de apelación civil debe contener un señalamiento, discusión y fundamentación de los errores que se le imputan al tribunal de instancia:

La normativa antes reseñada, de forma clara y precisa, ordena que el escrito de apelación civil presentado ante el Tribunal de Apelaciones señale, **discuta y fundamente el error o los errores que se le imputan al foro de instancia. De lo contrario, el tribunal estará impedido de considerar el señalamiento de error planteado. El apelante tiene la obligación de poner en posición al foro apelativo de aquilatar y justipreciar el error anotado**. Solamente mediante un señalamiento de error y una discusión fundamentada, con referencia a los hechos y las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que se le plantean. **Aceptar poco menos de eso convierte la apelación presentada en "un breve y lacónico anuncio de la 'intención de apelar'**." *Srio del Trabajo v. Gómez Hnos. Inc.,* 113 D.P.R. 204, 207-208 (1982). **Además, y más importante, el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo.** *Morán v. Martí*, 165 DPR 356 (2005) a la pág. 366 (Énfasis nuestro)

De lo que se desprende que, ante el incumplimiento con lo anterior, este foro apelativo estará impedido de considerar los errores planteados. *Íd.*

Este tribunal solamente puede atender un reclamo presentado cuando el escrito de apelación identifica el error y lo discute con referencia a los hechos y a las fuentes de derecho pertinentes. *Íd.* Esto, toda vez que para que este tribunal esté en posición de decidir correctamente los casos, debe contar con un expediente completo y claro de las controversias que tiene ante sí. *Soto Pino v. Uno Radio Group, supra.* En tal sentido, el apelante tiene la obligación de perfeccionar el recurso de acuerdo con las leyes y el Reglamento de este Tribunal, *supra,* y de colocarnos en posición de aquilatar y justipreciar el error planteado. *Morán v. Martí, supra.* El craso incumplimiento con estos requisitos impide el perfeccionamiento adecuado del recurso y priva de jurisdicción al Foro apelativo. *Íd.*

Por último, la comparecencia de las partes por derecho propio, por sí solo, no justifica el incumplimiento con las reglas procesales. *Febles v. Romar,* 159 DPR 714, 722 (2003).

**II.**

Luego de examinar detenidamente el recurso presentado por el señor Mangual González, concluimos que incumplió manifiestamente con los requisitos mínimos que exigía el Reglamento del Tribunal de Apelaciones, *supra,* para su perfeccionamiento.

En primer lugar, el apelante presentó un recurso carente de la citación precisa de las disposiciones legales que establecen tanto nuestra jurisdicción como las que fundamentaron su solicitud de apelación. Por el contrario, el apelante se limitó a incluir una copia de una parte de índice legal, desprovista de los artículos específicos de cada disposición legal.

Segundo, el escrito carece de una exposición de los hechos procesales e importantes del caso. El apelante únicamente enumeró

mociones presentadas ante el TPI, sin explicar su contenido o pertinencia. De ese modo, no ofreció un cuadro procesal necesario que permitiera a este Foro apelativo comprender la génesis de la controversia que intentó plantear y el contexto en que se dictó la Sentencia *apelada.*

En tercero lugar, el apelante no expuso de manera breve y clara los 19 errores que, a su juicio, cometió el Foro *a quo.* En cambio, limitó su recurso a la reproducción de planteamientos ininteligibles que impidieron que este Foro identificara el aspecto de la *Sentencia* apelada que debía revisarse. Cuarto, omitió discutir los señalamientos de error. No ofreció un análisis que vinculara un planteamiento de error con normas legales o jurisprudenciales. La mera enumeración de errores, sin argumentación, resultó insuficiente y dejó a este Tribunal sin parámetros para atender este recurso en sus méritos. Por último, el recurso carece de una súplica, pues el apelante no indicó de manera expresa cuál era el remedio que solicitaba, limitándose a alegar que el Foro Primario "DISCRIMIN[Ó], PUSO EN DESVENTAJA DESIGUAL, VIOLENT[Ó] SU DERECHO DE DEFENDERSE [,] VIOLACI[Ó]N AL DEBIDO PROCESO DE LEY, HAN DISCRIMINADO NUESTROS DERECHOS QUE TIENE TODA PERSONA DEMANDADA POR EL HONORABLE TRIBUNAL DE INSTANCIA DE SAN JUAN".[2]   Lo anterior tuvo el efecto de privarnos de conocer  y entender el alcance de la revisión solicitada.

Estas omisiones representan un incumplimiento craso con la obligación del señor Mangual González de proveer los elementos mínimos y necesarios para que este Tribunal pudiera ejercer su función apelativa. En otras palabras, el apelante dejó a este Foro sin las herramientas indispensables para aquilatar y justipreciar los planteamientos en los que basa su reclamo.

---

[2] Pág. 18 del recurso.

Hacemos destacar que la comparecencia del apelante por derecho propio, por sí sola, no justificó el incumplimiento con las normas reglamentarias de este Tribunal. Dicha inobservancia constituyó un obstáculo irremediable que nos impidió atender el recurso en sus méritos y nos privó de jurisdicción. Al carecer de jurisdicción por falta de perfeccionamiento del recurso, corresponde su desestimación inmediata.

## III.

Por las razones que anteceden, se desestima el recurso presentado por el señor Mangual González por craso incumplimiento con el Reglamento de este Tribunal, *supra*.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones