JOSÉ L. RODRÍGUEZ AGUIAR, demandante y peticionario, *v.* SYNTEX PUERTO RICO, INC. t/c/p SYNTEX ROCHE, demandada y recurrida.

*Números:* CC-97-520        *Resueltos:* 21 de junio de 1999
              CC-97-521

*José M. Acevedo Álvarez*, abogado del peticionario; *Rafael E. Aguiló Vélez*, del *Bufete Schuster Usera Aguiló & Santiago*, abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

I

La Ley de Reclamaciones por Servicios Prestados, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 *et seq.* (en adelante la Ley Núm. 2), provee un procedimiento sumario en virtud del cual se busca lograr la pronta consideración y adjudicación de querellas laborales. Las Secs. 4 y 6 de dicha ley disponen que si un patrono no contesta la querella en su contra en la forma y término que exige la Ley Núm. 2, o no comparece al juicio, se dictará sentencia en rebeldía y se concederá el remedio solicitado por el obrero. 32 L.P.R.A. secs. 3121 y 3123. Estas secciones también disponen unas limitaciones procesales al trámite de revisión judicial de dicha sentencia en rebeldía.

En el recurso de epígrafe, el Tribunal de Primera Instancia dictó una sentencia en rebeldía por una razón distinta a las dos (2) que están dispuestas en las Secs. 4 y 6 de la Ley Núm. 2 (32 L.P.R.A. secs. 3121 y 3123). Por lo tanto, nos corresponde determinar si las limitaciones procesales en el trámite de revisión judicial que disponen dichas secciones le aplican a una sentencia en rebeldía dic-

tada, al igual que la del caso de autos, por razones diferentes a las dispuestas en las referidas secciones. Tras un examen detenido de los propósitos de la Ley Núm. 2, resolvemos en la afirmativa.

## II

Los Sres. José L. Rodríguez Aguiar y Hugo Javier Orellano Martínez (los obreros) presentaron querellas contra Syntex Puerto Rico, Inc. (el patrono) a través del procedimiento sumario establecido por la Ley Núm. 2. En dichas querellas alegaron que el patrono los despidió sin justa causa, en violación a la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. sec. 185a *et seq.*, y que les adeudaba el pago por horas de trabajo regulares y extra, y por trabajo realizado durante el período correspondiente a la toma de alimentos, en transgresión de la Ley Núm. 379 de 15 de mayo de 1948, según enmendada, 29 L.P.R.A. secs. 271–288.[1]

El patrono contestó oportunamente las querellas. Luego de dichas contestaciones, los obreros le cursaron al patrono un interrogatorio en julio. En octubre, dos meses y medio (2½) después, se intentó celebrar la conferencia con antelación al juicio. En ese momento el patrono todavía no había contestado los interrogatorios, a pesar de que el término dispuesto para contestarlos es de treinta (30) días desde la notificación del interrogatorio. Regla 30.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. En dicha conferencia, el patrono expresó que había tenido problemas para producir las contestaciones, por lo que solicitó un término adicional de treinta (30) días para contestar. El tribunal le concedió el término solicitado y reseñaló la conferencia con antelación al juicio para noviembre.

---

[1] Los casos de cada obrero se procesaron en conjunto tanto en el Tribunal de Primera Instancia como en el Tribunal de Circuito de Apelaciones. Su consolidación formal se llevó a cabo en este Tribunal mediante Resolución de 21 de noviembre de 1997.

Los obreros, luego de vencer el último término de treinta (30) días que se le concedieron al patrono para contestar los interrogatorios, presentaron una "Solicitud de Eliminación de Alegaciones de la Querellada, y para que se dicte Sentencia en Rebeldía". Poco después se celebró la segunda conferencia con antelación al juicio, en la cual se discutió la procedencia de la solicitud presentada por los obreros. En dicha conferencia el patrono solicitó, otra vez, tiempo adicional para contestar los interrogatorios, a pesar de que para esta fecha ya habían transcurrido alrededor de cuatro (4) meses desde que se le cursaron los interrogatorios.[2] El tribunal de instancia se limitó a expresar en la conferencia que resolvería en los próximos días la controversia sobre si procedía la solicitud presentada por los obreros.

El Tribunal de Primera Instancia acogió la petición de los obreros, eliminó las alegaciones del patrono, dictó sentencia en rebeldía y concedió los remedios solicitados. Dicho foro fundamentó su sentencia en "[e]l carácter sumario del procedimiento, y las actuaciones y omisiones de la parte querellada a través del proceso ...". Apéndice 10 de la Petición de *certiorari*, pág. 86. La sentencia se dictó el 20 de noviembre de 1996, y la copia de su notificación se archivó en autos el 4 de diciembre de 1996.

Inconforme, el patrono presentó un "Escrito de apelación" ante el Tribunal de Circuito de Apelaciones el 3 de enero de 1997; es decir, más de diez (10) días después del archivo en autos de copia de la notificación de la sentencia apelada.

---

[2] El patrono tampoco compareció a las dos (2) conferencias preliminares entre abogados, pautadas para preparar un informe conjunto previo a cada conferencia con antelación al juicio que se intentó celebrar. Además, la representación legal del patrono expresó que cierta documentación pertinente a los interrogatorios estaba disponible para el examen de los obreros desde el 7 de noviembre de 1996. No obstante, según el documento llamado *Packing List*, la representación legal recibió dicha documentación el 13 de noviembre de 1996. En otras palabras, el patrono puso a la disposición de los obreros una documentación que no tenía en su poder. Véanse: Apéndice 10 de la Petición de *certiorari*, pág. 83 esc. 2, y el documento llamado *Packing List*, pág. 125.

El tribunal apelativo resolvió, en cuanto a su jurisdicción, que el patrono contaba con un término de treinta (30) días para presentar el recurso, por lo que el mismo se presentó en tiempo. Dicho foro se fundamentó en que la sentencia en rebeldía no se dictó por ninguna de las razones contempladas en las Secs. 4 y 6 de la Ley Núm. 2. Por lo tanto, no aplica el término de diez (10) días que disponen dichas secciones, sino el de treinta (30) días que se aplica a "toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia". Art. 4.002(a) de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22(k)(a)). Véase Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

El foro apelativo resolvió, al entrar en los méritos del recurso, que

> ante los "antecedentes procesales [del caso], no se justifica que se eliminaran las alegaciones y se dictara sentencia en rebeldía cuando tal sanción, no fue anticipada por el tribunal apelado y ni tan siquiera se celebró una vista para determinar si existía alguna justificación para la dilación incurrida por [el patrono]". Apéndice 4 de la Petición de *certiorari*, pág. 146.

Inconformes, los obreros acudieron mediante *certiorari* a este Tribunal. En primer lugar, éstos plantean que el tribunal apelativo no tenía jurisdicción para atender el recurso porque el mismo se presentó luego del término jurisdiccional de diez (10) días que dispone la Sec. 4 de la Ley Núm. 2, *supra*, 32 L.P.R.A. sec. 3121. En la alternativa, bajo la premisa de que hubiese jurisdicción apelativa, argumentan que el tribunal de instancia no abusó de su discreción al eliminar las alegaciones y dictar la sentencia en rebeldía.

La adjudicación de esta controversia requiere que abordemos, en primer lugar, el planteamiento jurisdiccional. Por lo tanto, nos corresponde analizar los propósitos legislativos de la Ley Núm. 2 y determinar si, a base de dichos propósitos, el contenido de las citadas Secs. 4 y 6 de dicha

ley aplica a cualquier sentencia en rebeldía dictada en el procedimiento sumario de reclamaciones laborables.

## III

■ La Ley Núm. 2 provee un mecanismo procesal sumario mediante el cual se persigue lograr la rápida consideración y adjudicación de querellas presentadas por empleados u obreros contra sus patronos. *Rivera v. Insular Wire Products Corp.*, 140 D.P.R. 912 (1996). La naturaleza de este tipo de reclamación exige celeridad en su trámite para así alcanzar los propósitos legislativos de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero, así despedido, recursos económicos entre un empleo y otro. *Rivera*, supra. En vista de su carácter reparador, esta ley debe ser interpretada liberalmente. *Piñero v. A.A.A.*, 146 D.P.R. 890 (1998).

■ Hemos expresado en numerosas ocasiones que

"[l]a esencia y médula del trámite fijado para casos sobre reclamaciones de salarios consagrado en la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, constituye el procesamiento sumario y su rápida disposición. *Desprovisto de esta característica, resulta un procedimiento ordinario más ...*". (Énfasis suplido.) *Díaz v. Hotel Miramar Corp.*, 103 D.P.R. 314, 316 (1975). Véanse: *Mercado Cintrón v. Zeta Com., Inc.*, 135 D.P.R. 737, 742 (1994); *Srio. del Trabajo v. J.C. Penney Co., Inc.*, 119 D.P.R. 660, 665 (1987).

La obligación de los tribunales de interpretar esta ley para lograr su propósito legislativo de facilitar la rapidez y celeridad de la resolución de las reclamaciones laborales, emana claramente de su historial legislativo, según fue citado en *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 D.P.R. 483, 492 esc. 15 (1999).

■ Para lograr sus propósitos legislativos, la Ley Núm. 2 dispone un trámite procesal que le permite al patrono vindicar sus derechos, pero es más oneroso para éste.

*Rivera v. Insular Wire Products Corp.*, supra. Por ejemplo, dicha ley dispone términos cortos para contestar la querella, criterios estrictos para conceder una prórroga para contestar la querella, limitaciones sobre el uso de mecanismos sobre descubrimiento de prueba, etc. Véase Sec. 3 de la Ley Núm. 2 (32 L.P.R.A. sec. 3120).

Asimismo, la Ley Núm. 2 provee penalidades por incurrir en conducta que atente contra el carácter sumario del proceso. En lo pertinente al recurso ante nos, las citadas Secs. 4 y 6 de la Ley Núm. 2 establecen consecuencias serias para el patrono cuando se dicta una sentencia en rebeldía en su contra. Dichas secciones proveen que en la sentencia así dictada se concederá el remedio solicitado por el querellante; la sentencia será final, y no se podrá apelar. Se podrán revisar los procedimientos sólo si se acude en revisión en el término de diez (10) días siguientes a la notificación de la sentencia.[3]

En *Santiago v. Palmas del Mar Properties, Inc.*, 143 D.P.R. 886 (1997), armonizamos la Ley Núm. 2 con la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22 *et seq* . En dicho caso aclaramos cuál es el foro y el recurso apropiado para el proceso apelativo de sentencias dictadas a tenor con la Ley Núm. 2. Si se trata de una sentencia *en rebeldía* bajo las Secs. 4 y 6, es de aplicación el inciso (i) del Art. 4.002 de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22(k)(i)). Dicho inciso dispone que el vehículo de revisión será el de *certiorari*, y el término será el que dispone la "ley para la presentación del recurso equivalente que antes se presen-

---

[3] En cuanto al remedio solicitado por el querellante, hemos expresado que alegaciones conclusorias y determinaciones de derecho, al igual que los hechos incorrectamente alegados, no son suficientes para sostener una determinación de responsabilidad. El trámite de un caso en rebeldía tiene como consecuencia jurídica que se estimen aceptados los hechos bien alegados en la querella, pero ello no priva al tribunal de evaluar si en virtud de tales hechos existe válidamente una causa de acción que amerite la concesión del remedio reclamado. *Rivera v. Insular Wire Products Corp.*, 140 D.P.R. 912 (1996).

taba ante el Tribunal Supremo". Por lo tanto, será el término jurisdiccional de diez (10) días, según disponen las mismas Secs. 4 y 6 de la Ley Núm. 2. Por otro lado, si se dicta una sentencia *luego de una vista en su fondo*, será de aplicación el inciso (a) del Art. 4.002 de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22(k)(a)). Dicho inciso dispone que el recurso apropiado será el de *apelación*, y el término jurisdiccional para recurrir al Tribunal de Circuito de Apelaciones será el de treinta (30) días.[4]

Como puede observarse, la Ley Núm. 2 extiende un tratamiento apelativo distinto a una sentencia dictada en rebeldía, *vis-à-vis* las demás sentencias dictadas a tenor con esta ley. Para sentencias en rebeldía el término para recurrir en revisión es menor —la revisión es limitada a los procedimientos— y el recurso para dicha revisión es discrecional. La razón para ese tratamiento más estricto es el repudio del legislador a cualquier práctica abusiva y dilatoria de un patrono. Es decir, dichas consecuencias son una penalidad por incurrir en la conducta que justificó la sentencia en rebeldía; conducta que está reñida con el carácter sumario y con los propósitos legislativos de la Ley Núm. 2. *Santiago v. Palmas del Mar Properties, Inc.*, supra.

El legislador incluyó en las Secs. 4 y 6 de la Ley Núm. 2 los dos (2) tipos de conducta que, por contravenir la naturaleza sumaria del procedimiento, justifican dictar

---

[4] Este término de treinta (30) días para sentencias *apelables*, dictadas bajo el procedimiento sumario de la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. sec. 3118 *et seq.*), ya lo habíamos reconocido en *Srio. del Trabajo v. Gómez Hnos., Inc.*, 113 D.P.R. 204 (1982). El análisis de este caso lo hicimos al interpretar la Sec. 10 de la Ley Núm. 2 (32 L.P.R.A. sec. 3127), por lo que las expresiones de dicho caso nunca han aplicado a sentencias dictadas en rebeldía a tenor con las Secs. 4 y 6 de la Ley Núm. 2 (32 L.P.R.A. secs. 3121 y 3123), como intenta sugerir el patrono en su alegato ante nos (Alegato de la parte querellada recurrida, págs. 6 y 7). Además, debido al resultado al que llegamos en el caso de autos, el análisis de *Gómez Hnos., Inc.*, supra, tampoco aplica a una sentencia en rebeldía dictada bajo el procedimiento sumario de la Ley Núm. 2, independientemente de si la razón para dictarla es una de las consideradas en las citadas Secs. 4 y 6.

una sentencia en rebeldía, y sufrir las severas consecuencias procesales del trámite apelativo. La primera conducta es no contestar oportunamente la querella, y la segunda es no comparecer al acto del juicio, respectivamente. Estas son solamente dos (2) modalidades de un sinnúmero de conductas capaces de contravenir la médula y la esencia de la Ley Núm. 2, y de justificar que se dicte una sentencia en rebeldía.

Un patrono inescrupuloso puede dilatar los procedimientos de diversas maneras. Es decir, éste puede entorpecer maliciosamente los procedimientos *luego* de contestar oportunamente la querella, y *antes* de comparecer al juicio. Por ejemplo, el patrono podría no producir documentos solicitados por el querellante, no contestar interrogatorios, no cumplir oportunamente con órdenes del tribunal, ausentarse a reuniones con los otros abogados, pedir prórrogas injustificadas, etc.[5]

El legislador expresó claramente su preocupación por este tipo de prácticas dilatorias por parte de algunos patronos, en especial mediante el abuso de los mecanismos de descubrimiento de prueba. Véanse: *Dávila, Rivera v. Antilles Shipping, Inc.*, supra, pág. 501 esc. 31; Informe de la Comisión del Trabajo a la Cámara de Representantes de 8 de agosto de 1961 (14 Diario de Sesiones, Sesión Extraordinaria, págs. 48 y 50).

Ante la posibilidad *real* de que un patrono incurra en las tácticas descritas, sería un contrasentido interpretar la Ley Núm. 2 de manera que las consecuencias apelativas dispuestas en las Secs. 4 y 6, *supra, solamente* aplican si la sentencia en rebeldía se dicta por conducta dispuesta ex-

---

[5] Reiteramos que los tribunales de instancia tienen amplia discreción para prohibir y castigar ese tipo de conducta. Estos pueden, entre otras cosas, eliminar alegaciones y defensas, sancionar económicamente a las partes (al abogado o a ambos) y *dictar sentencia en rebeldía*. Véanse: Reglas 34.2, 34.3 y 34.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Rivera v. Insular Wire Products Corp.*, supra; *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807 (1986); *Lluch v. España Service Sta.*, 117 D.P.R. 729 (1986).

presamente en dichas secciones, mientras que no apliquen cuando se dicta la sentencia por cualquier otra conducta igualmente abusiva o dilatoria.

La interpretación que rechazamos haría *inaplicable* las penalidades procesales apelativas a gran parte de la conducta dilatoria para la cual dichas penalidades fueron diseñadas. El efecto disuasivo de las penalidades desaparecería por completo, *aunque el patrono haya incurrido en tácticas patentemente dilatorias durante todo el pleito*, siempre y cuando el patrono conteste diligentemente la querella y comparezca al juicio. Al favorecer esta interpretación, ignoraríamos que el propósito de estas penalidades fue atender específicamente la preocupación del legislador en cuanto a la conducta dilatoria de algunos patronos. De igual manera, sería un craso incumplimiento de nuestra obligación de darle vigencia al mandato legislativo de diligencia y prontitud en la tramitación judicial de las reclamaciones laborales. *Mercado Cintrón v. Zeta Com., Inc.*, 135 D.P.R. 737 (1994).

Es nuestro deber interpretar las leyes para lograr resultados armoniosos, mas no resultados absurdos (*PARDAVCO, Inc. v. Srio. de Hacienda*, 104 D.P.R. 65, 71 (1975)), o irrazonables (*García Pagán v. Shiley Caribbean, etc.*, 122 D.P.R. 193, 208 (1988)). Sería absurdo e irrazonable interpretar esta ley para debilitar sus disposiciones y consecuencias *procesales*, si consideramos que el contenido de ésta es únicamente *procesal. Piñero v. A.A.A.*, supra. Por lo tanto, si debilitamos el proceso, debilitamos la ley.

A tenor con la discusión precedente, resolvemos que si se dicta una sentencia en rebeldía durante el procedimiento sumario bajo la Ley Núm. 2, dicha sentencia será revisable en el término y con las limitaciones que se disponen en las Secs. 4 y 6 de dicha ley. Entiéndase, la sentencia en rebeldía será final y no podrá apelarse, mas se podrá recurrir mediante *certiorari* al Tribunal de Circuito de Apelaciones para que se revisen los procedimientos. El tér-

mino jurisdiccional para así recurrir será de diez (10) días desde el archivo en autos de copia de la notificación de la sentencia. Secs. 4 y 6 de la Ley Núm. 2; *Santiago*, supra.

## IV

Examinados los principios pertinentes de la Ley Núm. 2, nos corresponde aplicar los mismos a los hechos ante nos.

El patrono no contestó los interrogatorios dentro del término que proveen las Reglas de Procedimiento Civil, ni dentro de los términos adicionales que le concedió el tribunal de instancia. Tampoco se presentó a dos (2) Conferencias Preliminares entre Abogados para preparar un informe conjunto previo a la Conferencia con Antelación al Juicio. Además, el patrono ofreció cierta documentación a los obreros —para supuestamente cumplir parcialmente con las contestaciones de los interrogatorios— cuando todavía no poseía dicha documentación. Ante tan patente conducta dilatoria del patrono, el tribunal le eliminó las alegaciones y le dictó sentencia en rebeldía en su contra concediendo los remedios solicitados por los obreros.

La copia de la notificación de la sentencia en rebeldía fue archivada en autos el 4 de diciembre de 1996. El patrono presentó su recurso de "apelación" ante el Tribunal de Circuito de Apelaciones el 3 de enero de 1997, más de diez (10) días después del mencionado archivo en autos.

El término jurisdiccional para acudir al tribunal apelativo era el de diez (10) días del archivo en autos de copia de la notificación, y el recurso apropiado era el de *certiorari*. El recurso del patrono fue presentado en exceso del término mencionado, por lo que el Tribunal de Circuito de Apelaciones carecía de jurisdicción para considerarlo. Ante la naturaleza jurisdiccional del término incumplido, lo único que podía hacer el tribunal apelativo era declarar su ausencia de jurisdicción y no entrar en los méritos del

618

recurso. *Pagán v. Alcalde Mun. de Cataño*, 143 D.P.R. 314 (1997); *González Santos v. Bourns P.R., Inc.*, 125 D.P.R. 48, 63 (1989); *Autoridad Sobre Hogares v. Sagastivelza*, 71 D.P.R. 436, 439 (1950). Por esas mismas razones, no hacemos pronunciamiento alguno sobre los méritos del caso de autos.

Por los fundamentos expuestos, *resolvemos que el Tribunal de Circuito de Apelaciones carecía de jurisdicción para atender los méritos del recurso de epígrafe, por lo que se revoca la sentencia recurrida y se reinstala la sentencia del Tribunal de Primera Instancia.*

*Se dictará la sentencia correspondiente.*