*1015 TEXTO COMPLETO DE LA SENTENCIA
La Autoridad de Acueductos y Alcantarillados de Puerto Rico (AAA) compareció ante nosotros para que revoquemos la Resolución emitida, el 8 de octubre de 2008, por la Oficina de Apelaciones de la Autoridad de Acueductos y Alcantarillados (Oficina de Apelaciones de la AAA). Mediante el referido dictamen, el foro administrativo declaró no ha lugar la solicitud de reconsideración presentada por la AAA. Por consiguiente, sostuvo su determinación del 11 de septiembre de 2008, en la que denegó desestimar la apelación ante su consideración por entender que tenía jurisdicción.
Este Tribunal, mediante resolución del 20 de noviembre de 2008, le concedió al señor José A. Lugo Vega (Sr. Lugo) un término de 15 para que expusiera su posición en relación al recurso presentado. No obstante, éste hizo caso omiso a nuestra directriz. Transcurrido en exceso del término concedido, damos por sometido la causa de epígrafe.
I
El 15 de marzo de 2007, el Sr. Lugo presentó ante el Comité de Apelaciones de la AAA (foro administrativo-apelativo existente para ese entonces en la AAA) recurso de apelación contra el señor José F. Ortiz Vázquez, Presidente Ejecutivo de la AAA. En dicho recurso, éste impugnó la determinación -de la Directora Auxiliar de Recursos Humanos y Relaciones Laborales de la AAA, Leda. Gloria Elis Flores Andino, (en adelante Directora Auxiliar)- de cargar a la licencia por enfermedad varios días que éste tuvo que ausentarse por asuntos de salud o como él expresó: sustituir la semana de vacaciones anuales programadas a licencia por enfermedad.
La AAA contestó la apelación y adujo como defensa afirmativa que los asuntos planteados en el recurso no se encuentran bajo la jurisdicción del Comité de Apelaciones, ya que no está en controversia alguna suspensión, destitución o la violación de algún derecho concedido.
El Comité de Apelaciones de la AAA le ordenó al apelante que sometiera la determinación del Presidente Ejecutivo de la cual apelaba. El Sr. Lugo le informó a dicho foro que lo requerido no procedía y que éste tiene jurisdicción para atender la causa de acción presentada. Su fundamento estribó en que el Presidente Ejecutivo renunció a su deber ministerial de expresarse sobre la decisión de la Directora Auxiliar, al no actuar en el término que éste le concedió.
Es importante señalar que en el ínterin, el Reglamento que regulaba la jurisdicción del Comité de Apelaciones de la AAA (Reglamento de Personal para los Empleados Gerenciales de Carrera de la Autoridad de Acueductos y Alcantarillados del 3 de agosto de 1992) fue derogado. No obstante, la agencia creó la Oficina de Apelaciones de la AAA mediante la aprobación del Reglamento de Recursos Humanos de la Autoridad de Acueductos y Alcantarillados para todos los Empleados Regulares No Cubiertos por Convenios Colectivos, del 28 de febrero de 2008 (Reglamento de Recursos Humanos).
*1016 La AAA replicó a la moción del Sr. Lugo y se reiteró en su alegación de falta de jurisdicción. Expresó que no existía una determinación por parte del Presidente Ejecutivo o de un representante autorizado que lo afecte conforme lo dispone el Reglamento de Recursos Humanos.
Luego de varios trámites, la Oficina de Apelaciones de la AAA emitió Resolución y Orden, en la que declaró no ha lugar la solicitud de desestimación presentada por la agencia. Expresó que conforme al nuevo Reglamento de Recursos Humanos y el Reglamento de la Oficina de Apelaciones, aprobado el 8 de abril de 2008, el ámbito jurisdiccional de la Oficina de Apelaciones fue ampliado. Además, dispuso que la Directora de Recursos Humanos y Relaciones Industriales de la AAA es una de las personas con representación del Presidente Ejecutivo para notificar la decisión tomada. Conforme lo expresado, resolvió que dicho foro apelativo tenía autoridad para resolver el recurso presentado por el Sr. Lugo.
Inconforme, la AAA solicitó reconsideración, la cual fue declarada no ha lugar el 8 de octubre de 2008.
Insatisfecho, la agencia compareció oportunamente ante nos y planteó la comisión de 4 errores, los cuales se pueden resumir en dos, a saber:

“1) Erró la Oficina de Apelaciones de la AAA al sostener que dicho foro tenía jurisdicción para atender la causa de acción aun cuando no existe una determinación del Presidente Ejecutivo de la AAA ni de un representante de éste y al concluir que el Presidente Ejecutivo renunció a su deber ministerial.

2) Erró la Oficina de Apelaciones de la AAA al determinar que la Directora de Recursos Humanos de la AAA se considera una representante autorizada del Presidente Ejecutivo, a pesar de que éste no ha realizado expresión o nominación alguna y al determinar que la decisión fue tomada por la Directora de Recursos Humanos cuando el puesto que ocupa la Leda. Gloria Elis Flores Andino es de Directora Auxiliar de Recursos Humanos y Relaciones Laborales. ”

Por estar íntimamente relacionados, discutiremos ambos errores en conjunto.
II
Es norma claramente establecida en nuestro ordenamiento jurídico que los tribunales tienen autoridad para revisar las decisiones de las agencias administrativas. Dicha autoridad fue investida en el Tribunal de Apelaciones por la Sección 4.2 de la Ley Núm. 170 del 12 de agosto de 1988, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (L.P.A.U.), 3 L.P.R.A.§ 2172.
La revisión judicial de las decisiones administrativas comprende tres aspectos: (1) la concesión del remedio apropiado, (2) las determinaciones de hechos, y (3) las conclusiones de derecho del organismo administrativo. P.R.T.C. v. J. Reg. Tel. de P.R., 151 D.P.R. 269, 281 (2000); Misión Ind. P.R. v. J.P., 146 D.P.R. 64, 129 (1998).
El fin perseguido por la revisión judicial es la protección de los ciudadanos sobre posibles decisiones arbitrarias por parte de las agencias administrativas; procurar de que su desempeño sea conforme a la autoridad brindada por su ley orgánica; y para velar porque se le brinden a los ciudadanos garantías constitucionales cuando éstas intervienen con sus derechos o con su propiedad. Así lo expresó el Tribunal Supremo de Puerto Rico en Assoc. Ins. Agencies Inc. v. Com. Seg. P.R., 144 D.P.R. 425, 435 (1997):

“La función principal de la revisión judicial de las determinaciones de las agencias con poderes adjudicativos es asegurarse que las agencias actúen dentro del marco de la facultad delegada por la Asamblea Legislativa y que cumplan con los preceptos constitucionales, particularmente los dictados por el debido 
*1017
proceso de ley. El control judicial de la actuación administrativa garantiza que los ciudadanos tengan un foro a donde recurrir para vindicar sus derechos y obtener un remedio frente a los organismos administrativos. ”

Sin embargo, a pesar de que los tribunales tienen la autoridad de revisar las decisiones administrativas, éste es un poder limitado. La propia ley (L.P.A.U.) como la jurisprudencia interpretativa han establecido los contornos o límites de la revisión judicial. La sección 4.5 de la L.P.A.U., supra, 3 L.P.R.A. § 2175, nos indica que las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
Sin embargo, la misma disposición de ley otorga un tratamiento distinto a las conclusiones de derecho. Como se sabe, éstas son revisables en su totalidad. See. 4.5 de la L.P.A.U., supra. Sin embrago, ello no implica que los tribunales pueden, injustificadamente, rechazar las conclusiones de derecho de las agencias administrativas e imponer su criterio. Otero v. Toyota, 163 D.P.R. 716, 729 (2005). De ordinario, los tribunales conceden gran peso y deferencia a las interpretaciones que dichos organismos realizan de las leyes que les corresponde administrar. Por lo tanto, nuestra jurisprudencia reiteradamente ha resuelto que la revisión judicial se circunscribe a determinar si la agencia actuó arbitraria o ilegalmente o en forma tan irrazonable que su actuación constituyó un abuso de discreción. Rivera Concepción v. A.R.P.E., 152 D.P.R. 116, 122 (2000). Esta deferencia está cimentada en dos fundamentos, a saber: 1) las agencias administrativas son las que cuentan con experiencias y conocimientos altamente especializados sobre los asuntos que se le encomiendan-, y 2) éstas constituyen instrumentos necesarios para la interpretación de la ley. Id., a la pág. 123; Empresas Toledo v. Junta, res. el 31 de agosto de 2006, 168 D.P.R. _ (2006), 2006 J.T.S. 147; Hernández v. Centro Unido, res. el 10 de agosto de 2006, 168 D.P.R. _ (2006), 2006 J.T.S. 140; P.R.T.C. v. J. Reg. Tel. de P.R., supra, a la pág. 283; Misión Ind. P.R. v. J.P., supra, a las págs. 132-133.
Es de señalar que la norma antes explicada también se ha extendido al ámbito de la interpretación de los reglamentos y de las leyes que las agencias administran. López v. ELA, res. el 25 de enero de 2008, 173 D.P.R. _, 2008 J.T.S. 29. La jurisprudencia ha resuelto que las interpretaciones que de una ley realiza la agencia, encargada de velar por su cumplimiento, no tienen que ser la única razonable. Sin embargo, incluso en casos dudosos, la interpretación de la agencia merece la referida deferencia. Se aclaró que lo importante o esencial es que la determinación de la agencia sea una razonable y no que haya logrado la determinación correcta del hecho o los hechos en controversia. Hay que comentar que esta deferencia no implica que los foros apelativos abdiquemos a nuestro deber de revisar las decisiones tomadas por las agencias administrativas. Es norma reiterada que estamos autorizados a intervenir con sus dictámenes cuando la interpretación de la agencia no armoniza con el fundamento racional o fin esencial de la ley y la política pública que la inspira. Bajo estos escenarios, el foro apelativo puede sustituir el criterio de la agencia por el suyo. P.R.T.C. v. J. Reg. Tel. de P.R., supra, a la pág. 283; Misión Ind. P.R. v. J.P., supra, a la pág. 133; Otero v. Toyota, supra, a la pág. 729.
Recordemos que la norma de deferencia no es una absoluta, ya que los tribunales apelativos están autorizados a intervenir y revisar si la agencia en cuestión: (1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales. Empresas Toledo v. Junta, supra; P.C.M.E. v. J.C.A., 166 D.P.R. 599, 617 (2005).
III
En el caso de epígrafe, la AAA adujo que la determinación de la Oficina de Apelaciones de la AAA fue errada en derecho. Los fundamentos para su posición versan en que dicho foro carecía de jurisdicción para entender en la causa del Sr. Lugo, ya que la decisión de la cual se apeló fue tomada por la Directora Auxiliar, funcionaria que no ha sido designada por el Presidente Ejecutivo como su representante autorizado. Le asiste la razón.
Como pudimos observar, el foro administrativo resolvió la controversia de autos conforme a dos *1018 reglamentos, a saber: el Reglamento de Recursos Humanos y el Reglamento de la Oficina de Apelaciones.
El primero de ellos, establece en su sección 19.2 la jurisdicción de la Oficina de Apelaciones de la AAA y en lo aquí pertinente reza como sigue:

“La Oficina de Apelaciones tendrá jurisdicción sobre las controversias que presenten los empleados regulares relacionadas con medidas disciplinarias que conlleven exclusivamente destitución o suspensión de empleo y sueldo. De igual manera, tendrá jurisdicción para atender controversias sobre determinaciones o acciones del Presidente Ejecutivo o su Representante Autorizado relacionadas con valoración de puestos, reclutamiento ascensos, traslados, descensos, retención, salarios y cualquier otro derecho otorgado por esta reglamentación relacionado con los empleados regulares que no estén cubiertos por convenios colectivos. ”

El Reglamento de la Oficina de Apelaciones también regula lo relativo a su jurisdicción. El Artículo IV inciso 1 dispone que:

“1) Derecho: Cualquier empleado de carrera de la Autoridad de Acueductos y Alcantarillados de Puerto Rico no cubierto por convenio colectivo que sea destituido o suspendido de empleo y sueldo, podrá apelar esa determinación ante la Oficina. De igual manera, el empleado podrá cuestionar ante dicha Oficina cualquier acción o decisión del Presidente Ejecutivo o su Representante Autorizado relacionado con valoración de puestos, reclutamiento, ascensos, traslados, descensos, retención, salarios y cualquier otro derecho otorgado por esa reglamentación relacionado con los empleados regulares que no estén cubiertos por convenios colectivos. ”

En el Artículo VIII se añade:

“La Oficina tiene jurisdicción para conocer y resolver las apelaciones que se radiquen ante el mismo de acuerdo con la Sección 19.2 del Reglamento de Recursos Humanos de la Autoridad de Acueductos y Alcantarillados, siempre que las apelaciones se radiquen en el término establecido y en cumplimiento con la referida sección.

Por disposición del Reglamento de Recursos Humanos, la Oficina de Apelaciones carece de jurisdicción para entender:

(a) En casos de empleados unionados cubiertos por convenios colectivos suscritos entre la Autoridad y sus empleados.

(b) En los casos que no se radique en el término que se indica en la Sección 19.2 del Reglamento de Recursos Humanos de la Autoridad de Acueductos y Alcantarillados de Puerto Rico.

(c) En los casos en que la controversia no se circunscriba a asuntos contemplados en la Sección 19.2 del Reglamento de Recursos Humanos de la Autoridad de Acueductos y Alcantarillados de Puerto Rico. ”

Cuando analizamos estos reglamentos con el anterior derogado (Reglamento de Personal para los Empleados Gerenciales de Carrera de la Autoridad de Acueductos y Alcantarillados del 3 de agosto de 1992), a claras luces se desprende que el ámbito jurisdiccional de la Oficina de Apelaciones se amplió. Dicho efecto se debe a que bajo la pasada disposición sólo se podía apelar de una decisión o acción ejecutada por el Presidente Ejecutivo. En cambio en la actualidad, una decisión o acción de un representante puede ser objeto de un recurso de apelación ante la Oficina de Apelaciones de la AAA.
Sin embargo, nos percatamos que los reglamentos en controversia no definen quién es un “Representante Autorizado”. Esta laguna deberá ser analizada y resuelta conforme a las normas básicas de hermenéutica de *1019 nuestro estado de derecho. En específico, dicha figura la debemos examinar bajo el crisol del Artículo 15 de nuestro Código Civil, 31 L.P.R.A. sec. 15, y el mismo expresa lo siguiente:

“Las palabras de una ley deben ser generalmente entendidas en su más corriente y usual significación, sin atender demasiado al rigor de las reglas gramaticales, sino al uso general y popular de las voces. ”

A tenor a lo antes establecido, tenemos que precisar cuál es el más corriente y usual significado de “representante autorizado”. Conforme al Diccionario de la Real Lengua Española (http://buscon.rae.es/draeE) un representante es aquél que actúa por delegación de un ausente, cuerpo o comunidad. Por su parte, representar es sustituir a alguien o hacer sus veces, desempeñar su función o la de una entidad o empresa, etc. Además, esa misma fuente de información define la palabra autorizar como dar o reconocer a alguien facultad o derecho para hacer algo a nombre del poder nominador.
Ahora bien, cuando fusionamos todas las definiciones antes expresadas, podemos precisar que un "representante autorizado" es aquella persona a la cual un tercero le reconoció o le otorgó la facultad para desempeñar o ejecutar algún acto. [1]
Ante el lenguaje corriente y usual de lo que constituye un representante autorizado, no podemos reconocerle al foro administrativo deferencia en su interpretación del reglamento. Por lo tanto, erró la Oficina de Apelaciones de la AAA en su determinación.
De un cuidadoso análisis al expediente, nos percatamos que no surge la existencia de expresión verbal, escrita ni acto alguno que podamos interpretar o inferir como que el Presidente Ejecutivo de la AAA designó a la Directora Auxiliar como su representante. Todo lo contrario, desde un principio, la parte apelada impugnó la jurisdicción de dicho foro, bajo el fundamento de que éste nunca le otorgó a dicha funcionaría dicha autoridad o facultad.
Además, es de señalar que el Sr. Lugo no presentó prueba alguna que controvirtiera lo alegado por la parte apelada. Se desprende del expediente que, ante el foro administrativo, éste sólo se centró a alegar que el Presidente Ejecutivo había renunciado a su deber ministerial de expresarse en cuanto a la decisión tomada por dicha funcionaría. En ningún momento alegó, argumentó o demostró que a la Directora Auxiliar se le había investido como representante de la parte apelada.
Sólo para efectos de análisis, podemos señalar que el argumento del Sr. Lugo abona a la conclusión que hoy arribamos, ya que la necesidad de expresión por parte del Presidente Ejecutivo sobre la determinación de dicha funcionaría sustenta aún más que ésta no es representante autorizada.
Ante la falta de una delimitación en los reglamentos en cuestión, es razonable concluir que la autoridad de nominar quién es un representante autorizado recae de forma absoluta ante el Presidente Ejecutivo de la AAA. Si el Presidente no distingue a un funcionario -de forma expresa (escrita o verbal) o mediante actuaciones anteriores al incidente— como su representante, éste nunca podrá auto nominarse como tal. De surgir esta situación, la Oficina de Apelaciones de la AAA estará impedida de intervenir y dilucidar controversias sobre decisiones tomadas por éstos. Aclaramos que la decisión a la que hoy advenimos no puede, bajo ningún concepto, ser interpretada a los efectos de que le privamos al Sr. Lugo vindicar lo que entiende es su derecho. Como es sabido, nuestro ordenamiento procesal permite que la decisión de la Directora Auxiliar pueda ser revisada por este foro apelativo de presentarse el correspondiente recurso, oportunamente.
Por consiguiente, no es aceptable que -desde el mes de noviembre de 2006-, se haya afectado el balance de licencia por enfermedad del señor Lugo Vega, sin que hasta la fecha, se haya dilucidado el particular. Del récord ante nos surge que el recurrente ha realizado diversas gestiones para que se atienda su reclamo o se tome *1020 una decisión administrativa final y no lo ha logrado. Ello demuestra una dilación administrativa insostenible. Adviértase que el sólo hecho de que el recurrente no haya presentado el recurso legal correspondiente para hacer valer su derecho (Mandamus), no puede ser óbice para que éste continúe con su vía crucis y que, so color de no ser el recurso legal adecuado, no se atienda su caso.
IV
Por todo lo antes expuesto, revocamos la Resolución y Orden de la Oficina de Apelaciones de la AAA, debido a que no cuenta con jurisdicción administrativa sobre el asunto en controversia. Consecuentemente, determinado que dicho foro no tiene jurisdicción sobre la causa de epígrafe, es también forzoso concluir que sobre los méritos del asunto, el Tribunal de Apelaciones tampoco cuenta con jurisdicción. Este Tribunal de Apelación intermedio no sólo debe velar por su jurisdicción, sino también por la del Foro del cual procede el asunto en controversia. Faltándole a aquél, también carecemos nosotros. Vázquez v. A.R.P.E., 128 D.P.R. 513, 537 (1991). En tales situaciones, sólo tenemos facultad para señalar que no contamos con capacidad activa o autoridad en ley para entender en los méritos del asunto. Rodríguez v. Syntex, 148 D.P.R. 604, 617-618 (1999).
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Leda. María E. Pérez Ortiz Secretaria Tribunal de Apelaciones
ESCOLIO 2009 DTA 50

1. Ya un panel hermano definió lo que constituía un representante autorizado: es una persona que representa a otra siendo esa representación consentida y aprobada por el principal. North Tech Drywall Corp. v. Caguas Real Hospitality Dev. Corp. Rodvan Dev. Inc. United States, Fidelity & Guaranty Co. (USF&G), KLAN-2007-01434.