ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| JUAN GONZÁLEZ VARGAS<br><br>PETICIONARIO<br><br>v.<br><br>ECONOCARIBE CONSOLIDATORS INC., y OTROS<br><br>RECURRIDOS | KLCE202300695 | *Certiorari p*rocedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Número: BY2022CV04570<br><br>Sobre: Procedimiento Sumario Ley #2, del 17 de octubre de 1961 Despido Injustificado, Ley 80, Ley 115, según enmendada, Ley 100 |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa

Ortiz Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de septiembre de 2023.

Comparece ante nosotros el señor Juan González Vargas (Sr. González; apelante) mediante el recurso del epígrafe, el cual acogimos como uno de apelación según notificado mediante nuestra *Resolución* emitida el pasado 10 de julio de 2023. El Sr. González recurre de la *Sentencia* emitida el 9 de junio de 2023, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).

Adelantamos que, por los fundamentos que exponemos a continuación, se confirma el dictamen apelado.

**I**

El 6 de septiembre de 2022, el apelante presentó una Querella[1] ante el TPI bajo el procedimiento sumario establecido en la Ley de Procedimiento Sumario de Reclamaciones Laborales (Ley Núm. 2), Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA sec. 3118, *et seq.* Alegó que fue despedido sin justa causa por su ex patrono, Econocaribe Consolidators, Inc. (Econocaribe; parte querellada) y contrario a las disposiciones de la Ley Sobre Despidos Injustificados, Ley Núm. 80 del 30 de mayo de 1976, 29 LPRA sec. 185a *et seq.* Añadió que fue

---

[1] Apéndice del recurso (Apéndice), págs. 1-8.

despedido por haber ofrecido testimonios en violación a la Ley de Represalias contra el Empleado por Ofrecer Testimonios, Ley Núm. 115 de 20 de diciembre de 1991, 29 LPRA sec. 194 *et seq.* También, adujo haber sido despedido de forma discriminatoria bajo la Ley contra el Discrimen en el Empleo, Ley Núm. 100 de 30 de junio de 1959, 29 LPRA sec. 146 *et seq,* porque fue despedido por razón de edad, pues luego la parte querellada contrató a un joven con menor antigüedad y de menor edad. Reclamó que, como consecuencia de las acciones de Econocaribe, sufrió daños emocionales, angustias mentales, por lo que solicitó la correspondiente compensación.

El apelante señaló que estuvo trabajando para la compañía querellada desde abril de 2017 hasta junio de 2020.[2] Este recibía una remuneración de $200.00 semanales. En marzo de 2020, la empresa anunció el cierre de operaciones por la pandemia.[3] Sin embargo, el 25 de mayo de 2020 la empresa anuncio la reanudación de operaciones. Así, el Sr. González regreso a la oficina para dar mantenimiento y limpieza a las áreas de trabajo antes de que regresara todo el personal.

Surge de las alegaciones de la querella que el gerente general de la querellada, el Sr. Diego Rivera, amonestó a otra empleada por pagarle al querellante su sueldo de mayo el 27 de mayo de 2020; además, que el 28 de mayo de 2020 se reunió con el querellante y le manifestó ciertas preocupaciones e inclusive le hizo comentarios de su edad.[4] En esa conversación, el querellante manifestó al gerente que si lo despedían sin justa causa se iba a querellar ante el Departamento del Trabajo.[5] Además, el Sr. González expuso en la Querella que el 29 de mayo de 2020 el gerente general de la compañía querellada le manifestó que su despido sería efectivo al 1 de junio de 2020.[6]

A consecuencia del despido, solicitó los siguientes remedios:

---

[2] Apéndice, pág. 1.
[3] Apéndice, pág. 2.
[4] Apéndice, págs. 2-3.
[5] Apéndice, pág. 3.
[6] Apéndice, pág. 3.

1. compensación por angustias mentales por el despido, bajo la Ley 100, por la cuantía de $50,000;[7]
2. compensación por despido injustificado según dispone la Ley 80 no menor de $8,400;[8]
3. compensación al amparo de la Ley 115, por el doble de la cuantía que se determine causó los daños reales sufridos, las angustias mentales, la restitución en el empleo, los salarios dejados de devengar, beneficios y honorarios de abogados, por ser despedido sin justa causa y en represalias que tomo el patrono en contra de él y que fue sustituido por empleados de menor edad y antigüedad para desempeñar las mismas funciones del querellante, por la cuantía de $20,000;[9] y
4. compensación por despido del querellante para contratar empleados a quienes les aplicaría la Ley de Transformación y Flexibilidad Laboral (Ley 4-2017), Ley Núm. 4-2017, 29 LPRA sec. 121 *et seq*, lo cual está prohibido en el Artículo 3.18 de la dicha disposición legal, por la cuantía de $25,000.[10]

Así las cosas, la Secretaria del Tribunal expidió el correspondiente emplazamiento, el cual fue diligenciado el 2 de noviembre de 2022. La parte querellada fue emplazada el 2 de noviembre de 2022. Sin embargo, el 16 de noviembre de 2022, la parte querellante presentó *Urgente Solicitud de Anotación y Sentencia en Rebeldía*, ya que habiendo transcurrido el termino de 10 días que dispone la Ley 2, **la parte querellada no presentó alegación responsiva.**[11] De tal forma, el TPI declaró Ha Lugar la moción anterior y mediante *Orden* emitida y notificada el 23 de noviembre de 2022.[12] Además, en la mencionada orden, **el TPI señaló la vista en rebeldía** para el 16 de marzo de 2023.[13]

Celebrada la Vista en Rebeldía en la fecha antes mencionada, en la cual declararon, el querellante, y su hijo, Juan González Martínez, quien también había sido empleado de la compañía querellada, el TPI emitió *Sentencia*,[14] el 9 de junio de 2023, en la que declaró "HA LUGAR la Querella presentada por el señor Juan González Vargas únicamente en cuanto a las alegaciones por despido injustificado", ordenó "a Econocaribe a pagar al señor Juan González Vargas, quien laboró tres (3)

---

[7] Apéndice, pág. 6.
[8] *Id.*
[9] Apéndice, págs. 4, 6-7.
[10] Apéndice, pág. 8.
[11] Tomamos conocimiento judicial de la Entrada Núm. 6 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del caso BY2022CV04570.
[12] Apéndice, pág. 9.
[13] *Id.*
[14] Apéndice, págs. 11-31.

años y dos (2) meses en la compañía, la cantidad de $3,600 por concepto de mesada, a razón de tres meses de salario y dos semanas de salario por cada año trabajado" y desestimó las causas de acción al amparo de la Ley Núm. 100, la Ley 115 y la Ley 4-2017; además, dispuso lo siguiente: "Se impone a la parte querellada el pago del 25% por concepto de honorarios de abogado impuesto sobre la totalidad de la compensación establecida en esta Sentencia. Las costas se concederán una vez se acredite el cumplimiento con lo dispuesto en la Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1."[15]

En su dictamen determinó, luego de impartir total credibilidad a los testimonios admitidos, lo siguiente:

1. el querellante "fue despedido sin causa justificada y como resultado del intercambio habido entre éste y el señor Diego Rivera";
2. el querellante "no estableció un caso *prima facie* de discrimen" y,
3. el querellante "no estableció un caso prima facie de violación a la Ley Núm. 115".[16]

Inconforme, el querellante, el apelante acudió ante este Tribunal y nos señala la comisión de los siguientes errores:

**Primer error**: El TPI abusó de su discreción al, a pesar de dar por ciertas las alegaciones específicas sobre discrimen por razón de edad y a pesar de ser corroboradas por los testimonios de ambos testigos en sala (a los cuales impartió total credibilidad), al determinar que dicha prueba por si sola no es suficiente para concluir que la otra persona (que sustituyó al querellante) no perteneciera al mismo grupo protegido bajo la Ley 100.

**Segundo error**: El TPI abusó de su discreción al, a pesar de ser corroboradas por los testimonios de ambos testigos en sala (a los cuales impartió total credibilidad), al determinar que dicha prueba por sí sola no es suficiente para concluir que la otra persona (que sustituyó al querellante) no perteneciera al miso grupo protegido y que claramente le aplicaría el nuevo esquema de acumulación de licencias establecido en la Ley 4 del 2017.

## II

## A.

La *Ley Sobre Despidos Injustificados*, Ley Núm. 80 del 30 de mayo de 1976, 29 LPRA sec. 185a, establece que todo empleado que trabaja

---

[15] Apéndice, pág. 31
[16] Apéndice, págs. 27-28.

para un patrono mediante remuneración, contratado sin tiempo determinado, que sea despedido sin justa causa, tendrá derecho a recibir de su patrono una indemnización. El propósito de esta ley es "proteger a los empleados de actuaciones arbitrarias del patrono al disponer de remedios económicos que desalienten los despidos injustificados". *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.*, 209 DPR 759, 770 (2022). Por tanto, el fin es uno social y coercitivo, pues se castiga al patrono que despide injustificadamente, y además provee una indemnización al empleado. *Jusino et als. v. Walgreens*, 155 DPR 560 (2001). Es importante señalar que no hay ninguna prohibición absoluta al despido de un empleado ya que siempre puede despedirse un empleado si existe justa causa. Sin embargo, cuando no hay justa causa, el patrono deberá indemnizar mediante el pago de la mesada. *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209 (2015). El monto de la mesada dependerá del tiempo que el empleado haya ocupado el puesto y su sueldo. *Whittenburg v. Col. Ntra. Sra. del Carmen*, 182 DPR 937 (2011).

Por *justa causa*, se entiende aquel despido que no esté motivado por razones legalmente prohibidas y que no sea resultado del mero capricho del patrono, además, aquellos despidos que afecten el buen y normal funcionamiento de un establecimiento. 29 LPRA sec. 185b; Véase *León Torres v. Rivera Lebrón*, 194 DPR 20 (2020). La ley expresamente contempla determinadas situaciones que se entienden como justa causa para el despido de un empleado. Entre estas se encuentran:

(a) Que el empleado incurra en un patrón de conducta impropia o desordenada.

(b) Que el empleado incurra en un patrón de desempeño deficiente, insatisfactorio, pobre, tardío o negligente. Esto incluye incumplir con normas y estándares de calidad y seguridad del patrono, baja productividad, falta de competencia o habilidad para realizar el trabajo a niveles razonables requeridos por el patrono y quejas repetidas de los clientes del patrono.

(c) Violación reiterada por el empleado de las reglas y reglamentos razonables establecidos para el funcionamiento del establecimiento siempre que copia escrita de los mismos se haya suministrado oportunamente al empleado. *Id.*

No obstante, los patronos tienen autoridad para establecer los reglamentos internos y normas de conducta en el lugar de empleo que estimen necesarios. Una vez adoptadas, los empleados están sujetos a cumplir estas reglas, siempre que sean razonables. Por tanto, las violaciones a estas normas del empleo serán *justa causa* para el despido cuando el patrono demuestre lo siguiente: (1) que las reglas son razonables; (2) que se le suministró copia escrita de dichas normas al empleado; y, (3) que el empleado las violó en reiteradas ocasiones. *Jusino et als. v. Walgreens*, *supra*, en la pág. 573.

Según reconocido por el Tribunal Supremo, "la ley no dispone un mínimo de amonestaciones antes de que el patrono pueda despedir al empleado justificadamente, ni tampoco que la amonestación debe hacerse en determinada forma". *Ortiz Ortiz v. Medtronic*, *supra*, en la pág. 773 (que cita *a* Acevedo Colom, *Legislación protectora del trabajo comentada*, 8va ed. rev., San Juan, Ed. Ramallo Printing Bros., 2005, pág. 145). Sin embargo, el ordenamiento no favorece el despido como medida ante el primer incumplimiento. *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015). En estas circunstancias, solo procederá el despido como sanción cuando dicha infracción, por su gravedad y potencial de agravio, ponga en riesgo la seguridad, el orden o la eficiencia del funcionamiento de la empresa. *Id.* La primera ofensa perpetrada por el empleado despedido "ha de ser de tal seriedad o naturaleza que revele una actitud o un detalle de su carácter, tan lesivo a la paz y al buen orden de la empresa, que constituiría una imprudencia esperar a que se repita, para entonces proceder con el despido". *Feliciano Martes v. Sheraton*, 182 DPR 368, 383 (2011).

Con respecto a las leyes laborales, el Tribunal Supremo ha enfatizado que estas "deben ser interpretadas liberalmente, resolviendo toda duda a favor del obrero, para así cumplir con sus propósitos eminentemente sociales y reparadores. *Cordero Jiménez v. UPR*, 188 DPR 129, 139 (2013). Recuérdese que la legislación laboral, como

instrumento de justicia social y de carácter reparador, pretende garantizar la mayor protección de los derechos laborales de los trabajadores. *Cintrón v. Ritz Carlton*, 162 DPR 32 (2004).

**B.**

De otro lado, es norma asentada que no todo despido injustificado es discriminatorio y, por el contrario, todo despido discriminatorio sí es injustificado. *Díaz v. Wyndham*, 155 DPR 364, 387 (2001). Por ello, el demandante que reclama los remedios de la Ley 100, *infra*, la Ley 115, *infra*, o la Ley 44, *infra*, debe probar ciertos hechos básicos, para que así se configuren las modalidades alegadas. De igual modo, el esquema probatorio u orden de las alegaciones establecido por la Ley 80, *supra*, varía cuando el demandante insta su reclamación al amparo de otros estatutos a la Ley 80, *supra*.

Como se sabe, la Asamblea Legislativa aprobó la Ley Núm. 100 de 30 de junio de 1959, Ley contra el discrimen en el empleo (Ley 100), 29 LPRA sec. 146 *et seq.*, con el propósito de ofrecer protección a los trabajadores contra diversos tipos de discrimen en el ámbito laboral. *Mestres Dosal v. Dosal Escandón*, 173 DPR 62, 68 (2008). La Ley 100, corolario del mandato constitucional de esencial igualdad humana en el contexto obrero-patronal, aspira erradicar las prácticas discriminatorias en el empleo, propiciando así mayor igualdad de oportunidades en el empleo. *Id.*, pág. 69. Por virtud del estatuto, se prohíbe que un patrono despida, suspenda o discrimine contra un empleado, entre otras, por razón de edad. Como penalidad, le impone responsabilidad civil por una suma igual al doble de los daños que el acto discriminatorio cause al empleado. *Id.* El estatuto no establece limitación alguna en cuanto al tipo de daño que ha de resarcirse, por lo que el empleado tiene derecho a que se le compensen tanto los daños emocionales como los económicos, incluso una partida por la pérdida de ingresos. *Berríos v. González et al.*, 151 DPR 327, 342 (2000). Además, la Ley 100 reconoce el derecho del empleado discriminado a la reposición en su puesto en los casos

apropiados, lo que se ha considerado el remedio más completo. *S.L.G. Afanador v. Roger Electric Co., Inc.,* 156 DPR 651, 668-669 (2002).

## C.

La *Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial*, Ley Núm. 115 de 20 de diciembre de 1991, prohíbe que los patronos tomen represalias contra sus empleados cuando estos ofrezcan información o testimonio ante, entre otros, procedimientos internos o representantes en posición de autoridad. Esta ley establece lo siguiente:

> Ningún patrono podrá *despedir*, amenazar o *discriminar* contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo *porque el empleado* ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, así como el testimonio, *expresión o información* que ofrezca o intente ofrecer, en los procedimientos internos establecidos de la empresa, o *ante cualquier empleado o representante en una posición de autoridad*, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley. 29 LPRA sec. 194b(a). (Énfasis suplido.)

Una vez presentada la acción civil, el empleado puede establecer su caso *prima facie* de represalias mediante prueba de lo siguiente: (1) que participó en una actividad protegida; y, (2) que fue subsiguientemente despedido, amenazado o discriminado en su contra. *Id*. sec. 194b(c). La ley contempla que actividades protegidas son aquellas en las que el empleado ofrece cualquier testimonio o información en cualquier foro bajo cualquier procedimiento. *Feliciano Martes v. Sheraton*, 182 DPR 368, 394-95 (2011). En cuanto al segundo requisito, el Tribunal Supremo ha adoptado el análisis dispuesto para casos según el Título VII de la Carta de Derechos de 1964. Por tanto, al amparo del Título VII, es esencial que el reclamante además demuestre que existe un nexo causal entre la conducta protegida y la acción disciplinaria o adversa del patrono. *SLG Rivera Carrasquillo v. A.A.A.* Véase, 42 U.S.C.A. sec. 2000e-3(a).

En cuanto a este requisito de relación causal, basta con la existencia de proximidad temporal entre ambos eventos para cumplir el

requisito. *Feliciano Martes v. Sheraton*, *supra*, en la pág. 399. Sin embargo, en los casos en que no haya tal proximidad, el empleado puede demostrar lo siguiente: (1) que fue tratado de forma distinta a otros empleados; (2) que hubo un patrón de conducta antagónica en su contra; (3) que las razones para su despido están plagadas por incongruencias; o, (4) cualquier evidencia que permita establecer el elemento del nexo causal. *Id.* en la pág. 400.

Aun cuando el empleado que presenta la acción de represalia logra establecer su causa *prima facie*, el patrono "deberá alegar y fundamentar una razón legítima y no discriminatoria para el despido". 29 LPRA sec. 194b(c). Si el patrono logra fundamentar su razón, le corresponde al empleado reclamante "demostrar que la razón alegada por el patrono era un mero pretexto para el despido". *Id.* La Ley Núm. 115 no protege de la implementación de acciones disciplinarias motivadas por la manera en que el trabajador ejecuta las funciones de su labor. *Rivera Figueroa v. Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 177 DPR 345 (2009).

**D.**

Es la norma establecida que los jueces de instancia son quienes están en mejor posición de aquilatar la prueba; por ello, su apreciación nos merece gran respeto y deferencia. En ausencia de error manifiesto, prejuicio, pasión o parcialidad, no se intervendrá con sus conclusiones de hechos y apreciación de la prueba. *Pérez Cruz v. Hosp. La Concepción*, 115 DPR 721,728 (1984). De hecho, "[s]ólo se podrá intervenir con estas conclusiones cuando la apreciación de la prueba no represente el balance más racional, justiciero y jurídico de la totalidad de la evidencia." *González Hernández v. González Hernández*, 181 DPR 746, 776-777 (2011), que cita a *Cárdenas Maxán v. Rodríguez Rodríguez*, 125 DPR 702, 714 (1990). Véase, además, *Ramírez Ferrer v. Conagra Foods P.R.*, 175 DPR 799, 810-811 (2009); *López v. Dr. Cañizares*, 163 DPR 119, 135-136 (2004); *Belk v. Martínez*, 146 DPR 215, 232 (1998).

A tenor con lo anterior, los tribunales apelativos debemos conferir gran deferencia al juzgador de los hechos, pues este se encuentra en mejor posición para evaluar la credibilidad de un testigo. Esto es así, ya que un foro apelativo cuenta solamente con expedientes mudos e inexpresivos. Por tanto, se le debe respeto a la adjudicación de credibilidad realizada por el juzgador primario de los hechos. De tal forma, los conflictos de prueba deben ser resueltos por el foro primario. *Ramírez Ferrer v. Conagra Foods P.R.*, *supra*, a la pág. 811.

**III**

El apelante señala que el TPI abusó de su discreción al determinar en una vista en rebeldía, que no pertenecía al mismo grupo protegido bajo la Ley 100, y que no le aplica el nuevo esquema de acumulación de licencias establecido en la Ley 4 del 2017. No tiene razón.

Se ha pautado por el Tribunal Supremo, en cuanto a la celebración de una vista en rebeldía en un caso bajo el procedimiento sumario bajo la Ley Núm. 2 lo siguiente:

> [E]l hecho de que se haya anotado la rebeldía **no es garantía *per se* de una sentencia a favor del querellante**. Como es sabido, **al dictarse una sentencia en rebeldía las alegaciones concluyentes, las conclusiones de derecho y los hechos alegados de forma generalizada no son suficientes** para sostener una adjudicación a favor del demandante o querellante. Además, los daños generales, o sea, las sumas no líquidas reclamadas tienen que probarse; en todo caso, la cuantía de los daños debe ser objeto de prueba. Por lo tanto, **el tribunal debe celebrar las vistas que sean necesarias y adecuadas para tomar una determinación al respecto**. Véase *Ruiz v. Col. San Agustín*, 152 D.P.R. 226 (2000); *Rodriguez v. Syntex P.R., Inc.*, 148 D.P.R. 604 (1999); *Hernández v. Espinosa*, 145 D.P.R. 248 (1998); *Vélez v. Boy Scouts of America*, 145 D.P.R. 528 (1998); *Marin v. Fastening Systems, Inc.*, *supra*.
>
> Conforme a lo anterior, luego de anotar la rebeldía, el tribunal debe celebrar las vistas evidenciarias que sean necesarias y adecuadas para que el querellante sustente sus alegaciones y pruebe los daños alegados en la querella. **Al celebrar las vistas, el tribunal deberá aplicar los mecanismos contemplados en las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. [V], para casos en rebeldía**. Lo que no puede hacer el tribunal es negarse a anotar la rebeldía y permitir la contestación presentada fuera de término, como ocurrió en el caso de autos. (Énfasis nuestro.) *Vizcarrondo Morales v. MVM, Inc.*, 174 D.P.R. 921, 937 (2008).

En el caso ante nuestra consideración, el Tribunal celebró la vista en rebeldía, recibió y aquilató el testimonio del apelante y de su hijo. Así, determinó que si bien el querellante probó tres de los requisitos de la reclamación bajo la Ley 100, no demostró el cuarto requisito, esto es, que "fallo en demostrar mediante preponderancia de la prueba que, a raíz de su despido, se benefició otra persona que no pertenece al mismo grupo protegido."[17] Esto así, ya que lo declarado por el querellante fue que en ocasiones, luego de su despido, paso por su antiguo trabajo y observó a un joven realizando un trabajo que a su entender era bastante similar al suyo. El tribunal entendió que esta prueba por sí sola no fue suficiente para concluir "que otra persona que no pertenece al mismo grupo protegido, se beneficiara del despido del Querellante o que hubiera sido despedido con la intención de que fuera sustituido en su puesto por empleados a quienes le aplicaría el esquema de acumulación de licencias establecido en la Ley 4-2017."[18] De tal forma, el Tribunal resolvió que procedía desestimar la causa de acción al amparo de la Ley 100, así como la reclamación bajo la Ley 4-2017. En cuanto a la reclamación bajo la Ley 115 de represalias, el Tribunal resolvió desestimar la causa. Finalmente prevaleció el reclamo de mesada. Conforme al derecho aplicable reseñado y luego de examinar detenidamente la Transcripción de la Vista en rebeldía celebrada el 16 de marzo de 2023, resolvemos que el dictamen del TPI merece nuestra deferencia.

**IV**

Por los fundamentos que anteceden, confirmamos la *Sentencia* apelada.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[17] Ap., págs. 28-29.
[18] Ap., pág. 29.